**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: manncooklaw@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNAH FITZPATRICK, an individual and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, a public entity; GENERAL MANAGER SELETA REYNOLDS, an individual; BRIAN HALE, CHIEF - PARKING ENFORCEMENT & TRAFFIC CONTROL, individually and in their official capacities; HANKS WILSHIRE TOW, INC., dba S & J Wilshire Tow, a California corporation; BRIDGECREST ACCEPTANCE CORPORATION, an Arizona corporation; and DOES 1 through 10, in their individual and official capacities,<br><br>Defendants. | Case No. 2:21-cv-6841<br><br>**CLASS ACTION CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Injunctive Relief (42 U.S.C. § 1983 / Art. I § 13 Cal. Const.)<br><br>2. Damages (Fourth Amendment / 42 U.S.C. § 1983)<br><br>3. Damages Unlawful Takings (42 U.S.C. § 1983 / Fifth Amendment)<br><br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1. Plaintiff's claims arise under 42 U.S.C. §1983 and state law. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Plaintiff's claims arise out of, *inter alia*, acts of the City of Los Angeles and

the City of Los Angeles Department of Transportation, acts which occurred in the City of Los Angeles. Accordingly, venue is proper within the Central District of California.

## II.     PARTIES.

3. Plaintiff Breonnah Fitzpatrick ("Fitzpatrick") is the Plaintiff, an individual who lives and works in the City of Los Angeles.

4. Defendant City of Los Angeles ("City") is a municipal corporation organized and existing under the laws of the State of California. Defendant City of Los Angeles Department of Transportation ("LADOT") is a public entity within the meaning of California law, and is a City agency.

5. Plaintiff is informed and believes and based thereon allege that defendant Seleta Reynolds ("Reynolds"), an individual, is the General Manager of LADOT, and a policy maker for LADOT within the meaning of 42 U.S.C. § 1983.

6. Plaintiff is informed and believes and based thereon allege that defendant Brian Hale ("Hale""), an individual, is the Chief - Parking Enforcement and Traffic Control for LADOT, and a policy maker for LADOT within the meaning of 42 U.S.C. § 1983.

7. Plaintiff is informed and believes and based thereon alleges that defendant Hanks Wilshire Tow, Inc., dba S & J Wilshire Tow ("S & J Wilshire"), is a California corporation. Plaintiff is informed and believes and based thereon alleges that pursuant to a contract with the City, S & J Wilshire tows and impounds vehicles at the direction of City / LADOT officials.

8. Plaintiff is informed and believes and based thereon alleges that defendant Bridgecrest Acceptance Corporation ("Bridgecrest") is a corporation organized under the laws of the State of Arizona, and is authorized to do business in California as "CSC - Lawyers Incorporating Service (C1592199)." Plaintiff is further informed and believes and based thereon alleges that defendant Bridgecrest is the legal owner of Plaintiff's 2013 Toyota Yaris in that Bridgecrest holds a security interest in the vehicle.

9. *NOT* a defendant is Official Police Garage - Los Angeles ("OPG-LA"), a non-profit corporation (28 U.S.C. § 501(c)(4)). The members and owners of OPG-LA are the

18 Official Police Garages (OPGs) under contract with the City. S & J Wilshire Tow is one such member. OPG-LA handles much of the reporting and record keeping duties on behalf of its member OPGs that the City requires per the OPGs' contracts.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

11. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency and employment or ostensible agency and employment.

12. The complained of acts and omissions were performed by persons within the course and scope of employment with their employers, City and/or LADOT. All acts and omissions were under color of state law.

### III. FACTS COMMON TO ALL CLAIMS

A. *LADOT "Unpaid Parking Tickets Vehicle Seizure Policy."*

13. Plaintiffs informed and believe and based thereon allege that defendants City, LADOT, Reynolds and/or Hale have promulgated, promoted and/or sanctioned, a policy, practice or custom, hereinafter called "Unpaid Parking Tickets Vehicle Seizure Policy," or "VSP" for short. Under the VSP, a City or LADOT official directs or causes a vehicle to be seized *without a warrant* in order to coerce the vehicle's registered owner to pay all amounts allegedly due the City for unpaid parking tickets. The VSP directs City / LADOT officials to effect the seizure by one of two methods: (a) by affixing a "boot," a locking metal clamp on the vehicle's wheel to immobilize the vehicle, or (b) directing that the vehicle be towed from the street and impounded in a

vehicle impound lot maintained by an "Official Police Garage," or OPG, working under contract with the City.

14. Pursuant to the VSP, defendants bar the vehicle's registered owner from reclaiming possession of her vehicle unless and until the owner pays all amounts allegedly due the City for unpaid parking tickets. Pursuant to the VSP, the City / LADOT does *not* seek judicial review of any type to justify either the initial seizure, or the ongoing seizure. Pursuant to the VSP, a vehicle is subject to seizure for unpaid parking tickets even though it is safely parked in a lawful location, posses no danger and does not constitute a traffic hazard.

15. If under the VSP, the City / LADOT elects to seize the vehicle by having it towed and impounded in an OPG vehicle storage lot, during the period of vehicle storage the OPG is charging daily storage charges (in addition to the towing and administrative fees) which, per the VSP, must be paid in full before the vehicle will be released. If not paid, the OPG will sell the vehicle at a lien sale to satisfy the unpaid towing, storage charges and other related charges fees. *See* Cal. Veh. Code §22851(a) (Lien created in favor of the tow company for towing and storage charges.). If the amount recovered by the lien sale is insufficient to pay outstanding charges and fees, the vehicle's (former) registered owner remains liable to the OPG for the difference.

B. *The Seizure Of Plaintiff's Vehicle*.

16. On or about August 11, 2021, Plaintiff was (and still is) the registered owner of a 2013 Toyota Yaris (blue), license number 8AAZ781. On August 11, 2021, Plaintiff's vehicle was lawfully parked at a safe and legal location on the residential street Rosewood Avenue, around the corner from Plaintiff's residence on North Ardmore, in the City of Los Angeles (Koreatown area). Some time during that day, *without a warrant* City / LADOT officials, acting pursuant to the VSP, directed that OPG S & J Wilshire, tow and impound the vehicle, citing Cal. Veh. Code § 22651(I). In compliance with its contract with the City, S & J Wilshire took possession of Plaintiff's vehicle, towing and storing it in its storage lot as a vehicle impound subject

to a City / LADOT hold.

17. Since the August 11 impound, Plaintiff has been pleading with City / LADOT officials to release her vehicle but to no avail. Both before and after the August 11 impound, Plaintiff has explained to City / LADOT officials why she has unpaid parking tickets -- because of her illness in the last year (which required that she be hospitalized) her Toyota was ticketed repeatedly. Plaintiff was unable to pay the tickets because she was not working on account of COVID and her hospitalization. Despite explaining this to City / LADOT officials and presenting proof of her medical disabilities, officials refused to grant her any relief. Officials are also refusing to release her vehicle from the current impound unless and until she pays the outstanding amounts the City demands for the parking tickets.

18. The City / LADOT officials' refusal to release Plaintiff's vehicle is causing Plaintiff ongoing great and irreparable harm because:

    A. Plaintiff's Toyota is her only vehicle while Plaintiff lives alone. She ordinarily relies on her vehicle for school (she is a full-time college student) and importantly for her medical appointments for an ongoing serious medical condition. Plaintiff also uses her vehicle for income, working as a driver for Lyft and Uber when she is physically able to work;

    B. Because the vehicle is currently in the possession of S & J Wilshire pursuant to the City / LADOT impound, if the vehicle is not reclaimed and thus the outstanding towing and storage charges are not paid, Plaintiff is informed and believes and thereon alleges that pursuant to Cal. Veh. Code §22851(a) S & J Wilshire will sell the vehicle at a lien sale in order to collects funds due it for the towing and storage. That will cause Plaintiff to lose ownership of her vehicle *and* to be in breach of the finance agreement by which she borrowed money to purchase the vehicle. That breach, in turn, will adversely affect Plaintiff's credit score while also subjecting her to suit by her creditor, Bridgecrest, the vehicle's legal owner.

    C. Alternatively and in order to avoid the vehicle's sale pursuant to § 22851(a), as the legal owner Bridgecrest may reclaim Plaintiff's Toyota from S & J Wilshire pursuant to Cal. Veh. Code § 22651(i)(4)(C) as a repossessed vehicle. In that instance, Bridgecrest will then sell the vehicle thereby depriving Plaintiff of her ownership interest in the Toyota even though Plaintiff is current on all sums due Bridgecrest under the finance agreement with Plaintiff.

**IV. CLASS ACTION ALLEGATIONS – PLAINTIFF'S CLASSES.**

  19. Plaintiff bring this action on her own behalf, and on behalf of the class of all persons similarly situated, pursuant to Rule 23, Federal Rules of Civil Procedure.

  20. There is an "Injunctive Relief Class" as defined under Rule 23(b)(2) to include all registered owners whose vehicles are presently seized pursuant to the City / LADOT's Vehicle Seizure Policy, or who may in the future have their vehicles so seized/impounded. This class seeks an injunction commanding defendant City, LADOT, Reynolds and Hale, and each of them, to immediately release vehicles not held pursuant to a warrant, to either the vehicle's registered owner or to a licensed driver designed by the registered owner who can drive the vehicle lawfully. Plaintiff is the proposed Class Representative for the Injunctive Relief Class.

  21.  There is a "Damages Class" as defined by Rule 23(b)(3), consisting of those vehicle owners whose vehicles were seized at any time within the last two years of this Complaint's filing and continuing up through the present, where such seizures were pursuant and impounded for 30 days pursuant to the City / LADOT's Vehicle Seizure Policy.  Plaintiff is the proposed Class Representative for the Damages Class.

  22. On information and belief, the Injunctive Relief Class numbers at least in the hundreds while the Damages Class numbers in the thousands. The members of the classes are so numerous that joinder is impracticable.

  23. The classes are ascertainable because the LADOT and non-party OPG-LA maintain paper and computer records tracking and identifying every vehicle seized under the VSP, including the registered owner (name and address), vehicle description,

date and location where the vehicle was seized, where the vehicle is being held, the authority under which the vehicle is seized, the date the vehicle was released, whether it was sold at a lien sale and for how much, and the amounts paid for administrative fees, towing and storage charges, and who paid these charges.

24. Questions of law and fact common to each class include:

    A. Whether the VSP is constitutional, under either the Fourth Amendment (unlawful seizure without a warrant), and the Fifth Amendment (Takings without compensation) and the Fourteenth Amendment.

    B. Whether the VSP violates the Fourth Amendment by directing vehicle impounds without a warrant and in the absence of justification for the warrantless seizures.

25. Plaintiff's claims are typical of the claims of members of each class on whose behalf she acts as a class representative, in that as with each class member, Plaintiff's vehicle was seized without a warrant and pursuant to the VSP. As with each class member, Plaintiff is willing and able to safely and lawfully reclaim possession of her vehicle but for the VSP mandatory requirement that Plaintiff first pay all sums allegedly due the City for unpaid parking tickets.

26. Plaintiff will fairly and adequately protect the interests of each class on whose behalf she is acting as a class representative. Plaintiff has no interest which is now or may be potentially antagonistic to the interests of each class on whose behalf they are acting as a class representative. As with all class members, Plaintiff's vehicle was seized without a warrant and impounded pursuant to the VSP. As with all class members, Plaintiff seeks to reclaim possession of her vehicle immediately. The attorney representing the Plaintiff is experienced civil rights attorney, and is considered able practitioners in federal constitutional and statutory adjudications.

27. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of each class would create a risk that is inconsistent or varying adjudications with respect to individual members of the class would establish

incompatible standards of conduct for the parties opposing the class.

28. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

29. The Damages Class qualifies for certification pursuant to the provisions of Fed.R.Civ.P. Rule 23(b)(3) in that 1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and 2) this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties.

30. Plaintiff is informed and believes and thereon alleges that the interests of members of each class in individually controlling the prosecution of a separate action are low. Most class members would be unable to individually prosecute any action at all. Plaintiff is informed and believes and thereon alleges that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes and thereon alleges that most members of the class will not be able to find counsel to represent them.

31. Plaintiff is informed and believes and thereon alleges it is desirable to concentrate all litigation in one forum because the VSP is a Los Angeles City-wide policy presumptively enforced by City / LADOT officials as against all vehicle owners within the City's jurisdiction. It would consume undue and unnecessary resources to litigate the identical issues in different forums.

32. Liability can be determined on a class-wide basis regarding what provisions of the VSP are lawful. For instance, a determination of seizing a vehicle without a warrant in order to coerce the vehicle owner's to pay unpaid parking tickets violates the Fourth and Fourteenth Amendments, that determination disposes of *all* Fourth and Fourteenth Amendment claims of *all* class members.

33. To the extent it is determined that notice is required for the Plaintiff Class, then, class members will be identified by the records of LADOT and OPG-LA.

**VI. APPROPRIATENESS OF EQUITABLE RELIEF.**

34. Plaintiff and Injunctive Relief Class members do not have an adequate remedy at law for the injuries alleged herein. The continuing enforcement of the VSP violates Plaintiff's and class members Fourth Amendment rights guaranteeing that all seizures must be reasonable, and causes continuing, sweeping and irreparable harm to Plaintiff and class members by the ongoing deprivation of their vehicles, property that is essential for Plaintiff and class members' livelihood and necessities of life, e.g., transporting owners to hospitals.

35. Plaintiff and Injunctive Relief Class members are also entitled to declaratory relief with respect to the constitutionality of the VSP, and an injunction preventing the enforcement of those aspects determined to be unconstitutional. Such relief is necessary in that an actual and substantial controversy exists between Plaintiff and class members, who contend that the VSP is unconstitutional, and Defendants, who deny such contention and enforce its provisions. Without such a declaration and injunction, Plaintiff faces the ongoing threat of its enforcement.

36. Injunctive relief does not raise any mootness issues because the harm alleged may be revisited on the class where it is capable of repetition, yet evading review due to the transitory nature of Plaintiffs' claims. *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991).

**COUNT ONE**

Injunctive Relief Commanding Release and Return of Plaintiff's Vehicle

(Against All Defendants)

(42 U.S.C. § 1983 / Art. I § 13 Cal. Const.)

37. By this reference, Plaintiff, on behalf of herself and members of the Injunctive Relief Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

00146579.WPD

38. The present ongoing impoundment and without a warrant of vehicles belonging to Plaintiff and members of the Injunctive Relief Class do not meet the requirements of the community caretaking doctrine, i.e., the vehicles do not present a threat to public safety. Specifically, the impounded vehicles presently do not "impede traffic, threaten public safety, or be[come] subject to vandalism," *Miranda v. City of Cornelius*, 429 F.3d 858, 862-65 (9th Cir. 2005). Meanwhile, the ongoing seizures without warrants of vehicles belonging to Plaintiff and Injunctive Relief Class members, violates the Fourth Amendment, *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017). Plaintiff and class members are willing and able to lawfully reclaim possession, and seek possession of their vehicles, but are denied possession on account of the VSP.

39. The seizures of vehicles pursuant to the VSP violates the Fourth Amendment to the United States Constitution, and Art. I § 13 of the California Constitution, regardless of whether the initial seizure and removal of the vehicle was constitutionally valid or not.

40. The acts alleged herein were the product of a custom, practice and/or policy of defendants City and LADOT, which custom, practice and/or policy caused the constitutional violations alleged herein.

## COUNT TWO

(Damages Claim Against City, LADOT, Reynolds, Hale and DOES only)

(42 U.S.C. §1983 - Fourth Amendment)

41. By this reference, Plaintiff, on behalf of herself and members of the Damages Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

42. The seizures of vehicles belonging to Plaintiff and members of the Damages Class where such seizures were made without a warrant, did not meet the requirements of the community caretaking doctrine, i.e., the vehicles do not present a threat to public safety, violated the Fourth Amendment to the United States Constitution, thereby entitling Plaintiff and class members to recover compensatory damages from all

defendants EXCEPT defendants S & Wilshire and Bridgecrest, proximately caused by the seizures.

43. The acts alleged herein were the product of a policy or custom of defendants City and LADOT, which policy or custom caused the constitutional violation alleged herein.

## COUNT THREE

(Damages Claim Against City, LADOT, Reynolds, Hale and DOES only)

(42 U.S.C. §1983 - Fifth Amendment [Takings without Compensation])

44. By this reference, Plaintiff, on behalf of herself and members of the Damages Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

45. The seizures of vehicles belonging to Plaintiff and members of the Damages Class, constitute Takings within the meaning of the Fifth Amendment. Furthermore, defendants City / LADOT effect the Takings for a public purpose -- coercing vehicle owners to pay the City sums allegedly due the City for unpaid parking tickets. Seizing vehicles merely for repeated non-payment of parking fees does not, in and of itself, justify the seizure. Thus, the seizures are Takings for which all defendants EXCEPT defendants S & Wilshire and Bridgecrest, owe compensation to Plaintiff and members of the Damages class.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

*On The First Cause of Action:*

46. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(2) as a class action on behalf of a class of Plaintiff composed of the Injunctive Relief Class described above;

47. That the Court issue a declaration that the VSP, in the respects set forth herein, is unconstitutional on its face and of no force or effect. Specifically, that this Court declare that the VSP is facially unconstitutional to the extent that it directs vehicle

seizures without warrants in the absence of consent, exigent circumstances, emergency or community caretaking;

48. That pending determination of Plaintiff's motion for a preliminary injunction, the Court issue a temporary restraining order as against defendants S & J Wilshire and Bridgecrest that (a) bars S & J Wilshire from selling Plaintiff's vehicle at a lien sale and (b) bars Bridgecrest from repossessing Plaintiff's vehicle pursuant to Cal. Veh. Code § 22651(i)(4).

49. That the Court issue a preliminary and permanent injunction on behalf of Plaintiff and class members commanding defendants, and each of them, to release immediately to Plaintiff and class members their respective vehicles, upon proof that Plaintiff and class members can lawfully take possession;

50. That this Court award Plaintiff attorneys fees and costs incurred in this action under 42 U.S.C. § 1988, Cal. Civ. Proc. Code § 1021.5, California's private attorney general doctrine, and any other appropriate statute.

*On The Second and Third Causes of Action:*

51. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(3) as a class action on behalf of a class of Plaintiff composed of the Damages Class described above;

52. That as against defendants City, LADOT, Reynolds, Hale and DOES, this Court award Plaintiff and the class members compensatory damages, according to proof;

53. That as against defendants Reynolds, Hale and DOES, the Court award punitive damages in an amount sufficient to deter and punish these defendants;

54. That this Court award attorneys fees and costs incurred in this action under 42 U.S.C. § 1988, and any other appropriate statute.

///
///
///
///
///

00146579.WPD

*On All Causes of Action:*

55. That the Court award costs of suit; and

56. That this Court grant such other and further relief as may be just and proper.

DATED: August 25, 2021

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

00146579.WPD

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on her own behalf and on behalf of the Damages Class.

DATED: August 25, 2021

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

00146579.WPD