MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, 6th Floor, City Hall East
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
Los Angeles, CA 90012
Phone No.: (213) 978-7560
Fax No.:    (213) 978-7011

*Attorneys for Defendants,*
**CITY OF LOS ANGELES et al.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNAH FITZPATRICK, an individual and as class representative,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, a public entity; GENERAL MANAGER SELETA REYNOLDS, an individual; BRIAN HALE, CHIEF-PARKING ENFORCEMENT & TRAFFIC CONTROL, individually and in their official capacities; and DOES 1 through 10, in their individual and official capacities,<br><br>　　　　　　Defendants. | **CASE NO. 21-CV-06841-JGB-SP**<br><br>**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11**<br><br>[Filed concurrently with Declaration of Monique Browne; Declaration of Joseph S. Persoff; [Proposed] Order]<br><br>Hearing<br>Date: April 11, 2022<br>Time: 9:00 a.m.<br>Courtroom 1 |

DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 11, 2022 at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California – Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501, before the Honorable Jesus G. Bernal, Defendants City of Los Angeles, Seleta Reynolds, and Brian Hale ("Defendants") will move for an order for sanctions pursuant to Federal Rule of Civil Procedure 11, as Plaintiff's First Amended Complaint is based on an objectively false allegation of material fact: that Plaintiff's vehicle was lawfully parked at the time of its impound.  Specifically, Defendants request the Court strike the following allegations from Plaintiff's First Amended Complaint and reconsider its ruling on Defendants' Motion to Dismiss: "Pursuant to the VSP, a vehicle is subject to seizure for unpaid parking tickets even though it is safely parked in a lawful location, posses [sic] no danger and does not constitute a traffic hazard."  (¶ 14, lines 6-8) and "On August 11, 2021, Plaintiff's vehicle was lawfully parked at a safe and legal location on the residential street Rosewood Avenue, around the corner from Plaintiff's residence on North Ardmore, in the City of Los Angeles (Koreatown area)." (¶ 16, lines 21-24).

This motion is made following a request by Defendants via letter to Plaintiff's counsel on January 25, 2022 that Plaintiff dismiss her First Amended Complaint, in accordance with L.R. 7-3, and service of this Motion on Plaintiff on February 14, 2022, in accordance with the 21-day safe harbor provision provided for in Fed. R. Civ. P. 11(c)(2).  Defendants' Motion for Sanctions is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Monique Browne and Joseph S. Persoff, the file and all pleadings in this matter, any oral argument, any matters upon which judicial notice may be taken, and any and all other matters this Court deems just and necessary.

1

DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11

| | |
|---|---|
| Dated: February 14, 2022 | Respectfully submitted, |
| | MICHAEL N. FEUER, City Attorney |
| | SCOTT MARCUS, Chief Assistant City Attorney |
| | GABRIEL S. DERMER, Assistant City Attorney |
| | JOSEPH S. PERSOFF, Deputy City Attorney |
| | By:   /s/ Joseph S. Persoff |
| | Joseph S. Persoff |
| | Deputy City Attorney |
| | Attorneys for Defendants |

## I. INTRODUCTION

Plaintiff's legal theory and this Court's ground for denying Defendants' Motion to Dismiss are founded on one key fact alleged in Plaintiff's First Amended Complaint: that Plaintiff's vehicle was "lawfully" parked at the time it was towed. This allegation is objectively false. At the time Plaintiff's vehicle was towed her vehicle was *unlawfully* parked for two reasons: (1) the vehicle was parked in a red zone and (2) the vehicle's registration was expired.

When Plaintiff filed her First Amended Complaint, she was aware that her vehicle's registration was expired and therefore unlawfully parked on the public right-of-way at the time it was towed. In support of her request for a temporary restraining order, Plaintiff submitted a declaration to this Court attaching a Department of Motor Vehicles record to demonstrate her ownership. That very document reflected that the vehicle's registration had expired about four months prior to the impound. Plaintiff has therefore filed and prosecuted her First Amended Complaint utilizing a factual allegation that is without evidentiary support and will never have evidentiary support, in violation of Rule 11(b)(3).

In this Court's ruling on Defendants' Motion to Dismiss, it found this allegation dispositive: "There is a distinction, from a community caretaking perspective, between removal of an illegally parked car with multiple unpaid citations and a legally parked car with multiple unpaid citations." Defendants request this Court exercise its discretion to sanction Plaintiff by striking any allegation from the First Amended Complaint alleging that Plaintiff's vehicle was lawfully parked at the time of impound and reconsidering its ruling on Defendants' Motion to Dismiss and issuing any other sanction this Court deems appropriate.

## II. STATEMENT OF FACTS

In her operative First Amended Complaint, Plaintiff Breonnah Fitzpatrick alleges her vehicle was towed and impounded on August 11, 2021, when the "vehicle was lawfully parked at a safe and legal location . . . ." Dkt. 37, p. 4, ¶ 16; *see also id.* at ¶ 14 ("Pursuant to [Defendants' Unpaid Parking Tickets Vehicle Seizure Policy], a vehicle is subject to seizure for unpaid parking tickets even though it is safely parked in a lawful location . . ."). On August 11, 2021, minutes prior to its tow, Plaintiff's vehicle was cited for two violations: (1) displaying expired registration tags, in violation of Cal. Veh. Code § 5204(a) and (2) being parked in a red zone, in violation of Los Angeles Municipal Code § 80.56(e)(4). (Declaration of Monique Browne, ¶¶ 3-4, Exhs. A - D.) Plaintiff's vehicle would not have been towed if it was not parked in the "red zone." (Browne Decl., ¶ 5.)[1]

In accordance with Local Rule 7-3, on January 25, 2022, Defendants sent Plaintiff a letter requesting she dismiss her First Amended Complaint and provided the grounds for that request. (Persoff Decl., ¶ 2.) Plaintiff did not respond. (Persoff Decl., ¶ 2.) In accordance with Fed. R. Civ. P. 11(c)(2), Defendants served this Motion on Plaintiff on February 14, 2022. (Persoff Decl., ¶ 3.)

## III. LEGAL ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or the motions they file, and (2) the pleading or motion is well-grounded in fact. *Goel v. Coalition Am. Holding Co.*, Case No. 11-02349 JGB (Ex), 2013 U.S. Dist. LEXIS 197253, at *14 (C.D. Feb. 26, 2013). If a submitted pleading violates this rule, courts have "substantial discretion" to issue

---

[1] Defendants did not bring this to the Court's attention in its Motion to Dismiss as Defendants were limited to arguing within the four corners of Plaintiff's First Amended Complaint.

2
DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11

sanctions. *DeVore v. Metro Life Ins. Co.*, Case No. 18-991 JGB (SHKx), 2019 U.S. Dist. LEXIS 131688 at *4 (C.D. Cal. May 21, 2019).

To determine if Rule 11 has been violated, courts apply an objective test; a finding of subjective bad faith is not necessary. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993); *Jang v. Sagicor Life Ins.*, Case No. 17-01563 JGB (KKx), 2017 U.S. Dist. LEXIS 217566, at *14 (C.D. Cal. Nov. 9, 2017) ("A frivolous or legally unreasonable motion violates Rule 11 regardless of whether it was filed in good faith."). When "a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

### B. Plaintiff's Allegation Her Vehicle Was Lawfully Parked Is Objectively False

Plaintiff's allegation that her vehicle was "lawfully parked" at the time of its impound is objectively false. *See* Dkt. 37, p. 4, ¶ 16. Plaintiff's vehicle was not lawfully parked at the time of its impound because (1) Plaintiff parked the vehicle in a "red zone" and (2) the vehicle's registration was expired. At the time Plaintiff filed her First Amended Complaint she either knew or should have known that her vehicle was not lawfully parked at the time of impound because, prior to the filing of her First Amended Complaint, Plaintiff submitted a declaration to this Court attaching a print-out from the DMV which provided that the vehicle's registration expired approximately four months prior to the impound. *See* Dkt. 15-2, p. 1, ¶ 2, p. 5, Exh. D.

Plaintiff's vehicle was impounded on August 11, 2021, but the vehicle's registration expired on April 10, 2021. Dkt. 15-2, p. 1, ¶ 2, p. 5, Exh. D. Cal. Veh. Code § 4000 provides that "[a] person shall not . . . leave standing upon a highway . . . any motor vehicle . . . unless it is registered and the appropriate fees have been paid

3
DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11

under this code . . . ." Relatedly, Cal. Veh. Code § 5204(a) provides that, "[v]ehicles that fail to display current month and year tabs or display expired tabs are in violation of this section." Plaintiff was issued a parking citation for violation of Cal. Veh. Code § 5204 minutes before her vehicle was impounded. (Browne Decl., ¶ 3, Exhs. A-B; *see Harper v. Ramirez*, Case No. 15-0662-JAK (AFM), 2015 U.S. Dist. LEXIS 175503, at *19 (C.D. Cal. Dec. 16, 2015) (officer that pulled driver over after observing expired registration tags on vehicle "had reasonable suspicion to believe that she was violating state law by driving a vehicle with an expired registration"); *People v. Ruiz*, Case No. G056915, 2019 Cal. App. Unpub. LEXIS 7731, at *10 (Cal. Ct. App. Nov. 20, 2019) (same); *see also Cotton v. Cnty. of San Bernardino*, Case No. 18-2343-VAP (AGR), 2020 U.S. Dist. LEXIS 185269, at *37 (C.D. Cal. Sept. 1, 2020) ("Because neither Plaintiff nor anyone else could lawfully drive the unregistered vehicle, impoundment was proper to prevent its 'immediate and continued unlawful operation.'"); *Pina v. City of Long Beach*, Case No. 2:17-cv-00549-PA (SHK), 2019 U.S. Dist. LEXIS 182032, at *31-32 (C.D. Cal. June 28, 2019) (same).

Furthermore, at the time Plaintiff's vehicle was impounded, it was illegally parked in a "red zone." L.A.M.C. § 80.56(e)(4) provides that "[n]o person shall stop, stand or park a vehicle at any time in any red 'No Stopping' zone . . . ." Plaintiff was issued a parking citation for violation of L.A.M.C. § 80.56(e)(4) minutes before her vehicle was impounded. (Browne Decl., ¶ 4, Exhs. C-D; *see also Holland v. City of Santa Barbara*, Case No. CV 13-1711-AG (SP), 2014 U.S. Dist. LEXIS 206838, at *30-31 (C.D. Cal. Sept. 25, 2014) (community caretaking doctrine justified tow when vehicle was parked in red zone because no one present to move vehicle).)

Accordingly, Plaintiff's allegation in her First Amended Complaint that her car was "lawfully parked" at the time it was impounded is factually baseless and no reasonable or competent inquiry was made before signing and filing the First Amended Complaint, as it was evident from a document filed by Plaintiff that the allegation is objectively false. Plaintiff has therefore violated Rule 11 and sanctions are warranted.

4

### C. Striking The Frivolous Allegations Is Appropriate

Courts have broad discretion when fashioning sanctions in response to a violation of Rule 11. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002); *see Gaskell v. Weird*, 10 F.3d 626, 629 (9th Cir. 1993) ("Where the original complaint is the improper pleading, all attorney's fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions."); *Indiezone, Inc. v. Rooke*, 2014 U.S. Dist. LEXIS 122807, at *14 (N.D. Cal. Sept. 2, 2014) (claims dismissed because the Rule 11 violation "strikes to the heart of the case"); *Coulter v. Baca*, Case No. 13-cv-6090-CBM (AGRx), 2014 U.S. Dist. LEXIS 199385, at *11 (C.D. Cal. May 23, 2014) ("Terminating sanctions are appropriate where the misconduct relates to a material matter before the court, not where misconduct pertains to non-dispositive issues.").

Here, the Court should strike Plaintiff's allegation that her vehicle was lawfully parked at the time of its impound and reconsider its ruling on Defendants' Motion to Dismiss because the Court found this objectively false allegation dispositive in its ruling on the Motion to Dismiss. *See Ivanova v. Columbia Pictures, Indus.*, 217 F.R.D. 501, 512-13 (C.D. Cal. June 9, 2003) (striking baseless claims). In its ruling on Defendants' Motion to Dismiss, this Court concluded, "[t]here is a distinction, from a community caretaking perspective, between removal of an illegally parked car with multiple unpaid citations and a legally parked car with multiple unpaid citations." Dkt. 48, p. 6. Therefore, without this patently false allegation, Plaintiff has no basis for her claims. *See Carroll Shelby Wheel Co. v. Shelby Trust*, Case No. 15-03859 JAK (JPRx), 2017 U.S. Dist. LEXIS 215045, at *13 (C.D. Cal. Feb. 21, 2017) ("Because Plaintiff has identified no factual or evidentiary basis for its patent infringement claim, terminating sanctions are appropriate.").

## IV. CONCLUSION

Because Plaintiff's claims are based on the objectively false allegation that her vehicle was lawfully parked at the time it was towed, Plaintiff has brought and prosecuted her First Amended Complaint in violation of Rule 11. Defendants therefore request this Court strike the allegations in Plaintiff's First Amended Complaint that her vehicle was lawfully parked at the time it was towed and reconsider its ruling on Defendants' Motion to Dismiss, and issue any additional sanctions this Court deems appropriate.

Dated: February 14, 2022      Respectfully submitted,

MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
JOSEPH S. PERSOFF, Deputy City Attorney

By:   /s/ Joseph S. Persoff
        Joseph S. Persoff
        Deputy City Attorney
        Attorneys for Defendants

# CERTIFICATE OF SERVICE

I, Joseph S. Persoff, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 200 North Main Street, Room 675, Los Angeles, California 90012.

On February 14, 2022, I served a copy of the following documents described as:

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P RULE 11**

on the following:

Donald W. Cook                                              Attorney for Plaintiff
Samantha Koerner
Attorney at Law
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444
manncooklaw@gmail.com
doncook@earthlink.net
srkoerner@sbcglobal.net

**[x] BY E-MAIL**

By transmitting via electronic mail to the e-mail address above on this date. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2022 at Los Angeles, California.

                                                                           /s/ Joseph S. Persoff