MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, 6th Floor, City Hall East
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
Los Angeles, CA 90012
Phone No.: (213) 978-7560
Fax No.:    (213) 978-7011

*Attorneys for Defendants,*
**CITY OF LOS ANGELES et al.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNAH FITZPATRICK, CHRISTOPHER OFFICER, and TIMOTHY McCARTHY, individuals and as class representatives,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; GENERAL MANAGER SELETA REYNOLDS, an individual; BRIAN HALE, CHIEF-PARKING ENFORCEMENT & TRAFFIC CONTROL, individually and in their official capacities; and DOES 1 through 10, in their individual and official capacities,<br><br>                    Defendants. | **CASE NO.  21-CV-06841-JGB-SP**<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Notice of Motion; Request for Judicial Notice; and [Proposed] Order]<br><br><br>Hearing<br>Date: August 1, 2022<br>Time: 9:00 a.m.<br>Courtroom 1 |

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  PLAINTIFFS' ALLEGATIONS ........................................................................2

III. LEGAL STANDARD .........................................................................................3

IV.  ARGUMENT .......................................................................................................3

   A. Plaintiffs Fail To Allege A Fourth Amendment Violation .......................3

      i. Community Caretaking ........................................................................3

      ii. Impounding Scofflaw Vehicles Is Consistent With Community
      Caretaking ...........................................................................................4

      iii. Impounding Unregistered Vehicles Is Consistent With Community
      Caretaking ...........................................................................................6

      iv. Plaintiffs' Conclusory Allegations Should Be Disregarded .................8

   B. Plaintiffs Fail To Allege A Fifth Amendment Violation ..........................9

   C. Plaintiffs Fail To Allege A Fourteenth Amendment Violation ................11

      i. Standing ............................................................................................11

      ii. No Due Process Right To Consider Indigency When Renewing Vehicle
      Registration ........................................................................................13

      iii. The State Considers Indigency When Refusing Vehicle Registration
      Due To Unpaid Parking Citations .....................................................15

   D. The Individual Defendants Should Be Dismissed ...................................15

   E. Plaintiffs Fail To Allege Liability Against The Entities ..........................18

   F. Plaintiffs Fail To Allege A Violation Of The California Constitution ..........20

i

G. Plaintiffs Fail To Allege A Bane Act Violation ...............................................20

H. Leave To Amend Should Be Denied ...............................................................22

V.    CONCLUSION.................................................................................................22

ii

# TABLE OF AUTHORITIES

Cases

*Am. Sav. & Loan Ass'n v. Marin Cnty.*, 653 F.2d 364, 368 (9th Cir. 1981) ...............10

*Ashcroft v. al-Kidd*, 563 U.S. 731,743 (2011) ................................................16

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).........................................3, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) .............................3

*Bennett v. Poipu Resort, L.P.*, Case No. No. 18-00171 ACK-KJM, 2021 U.S. Dist. LEXIS 169318, at *21 (D. Haw. Sept. 7, 2021)........................................8

*Berger v. Philadelphia Parking Authority*, 413 3 F.Supp.3d 412, 414, 417-419 (E.D. Penn. 2019) ............................................................................5

*Brewster v. City of L.A.*, No. EDCV 14-2257, 2020 U.S. Dist. LEXIS 188688, at *24 (C.D. Cal. July 14, 2020) ............................................................10

*Cal. v. Texas*, 141 S.Ct. 2104, 2114 (2021)........................................13

*Cholerton v. Brown*, No. CV 13-8992, 2014 U.S. Dist. LEXIS 106878, at *24-26 (C.D. Cal. May 16, 2014) ...............................................................7

*Clement v. City of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008).....................17

*Cotton v. Cnty. of San Bernardino*, Case No. 18-2343-VAP (AGR), 2020 U.S. Dist. LEXIS 185269, at *37 (C.D. Cal. Sept. 1, 2020) ...................................7

*Damiano v. City & Cnty. of San Francisco*, 2014 U.S. Dist. LEXIS 161038, at *8-9 (N.D. Cal. Nov. 14, 2014).........................................................14

*Daniel v. City of Glendale*, No. CV14-3864, 2015 U.S. Dist. LEXIS 186128, at *8-9 (C.D. Cal. Mar. 19, 2015) ...............................................................19

*Darkins v. Snowden*, No. CV 13-3831, 2013 U.S. Dist. LEXIS 145021, at *19-24 (C.D. Cal. Aug. 15, 2013) ...............................................................13

*Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 969 (9th Cir. 2001) .........................18

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) ............................................................................9

*Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984)...................19

iii

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

*Gill v. Whitford*, 138 S.Ct. 1916, 1933 (2018)................................................11

*Hallal v. Seroka*, Case No. 1:18-cv-0388-DAD-BAM, 2018 U.S. Dist. LEXIS 121871, at *8-9 (E.D. Cal. July 19, 2018) .................................................14

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ............................................16

*Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018).....................6

*Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022).....................3, 16

*In re Thomas*, 355 B.R. 166, 174 (N.D. Cal. 2006)..........................................5

*Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) ................16

*Kirola v. City and Cnty. of S.F.*, 860 F.3d 1164, 1175 (9th Cir. 2017) .......................11

*Laine v. City of Livermore*, 695 Fed.Appx. 260, 261 (9th Cir. 2017) ...........................13

*Laine v. City of Livermore*, No. 15-cv-03656, 2016 U.S. Dist. LEXIS 150717, at *2 (N.D. Cal. Oct. 31, 2016) ..........................................6

*Le v. Dep't of Parking & Traffic of San Francisco*, Case No. C 04-03432 CRB, 2005 U.S. Dist. LEXIS 1224, at *6 (N.D. Cal. Jan. 21, 2005) .....................14

*Le v. Dep't of Parking & Traffic of San Francisco*, Case No. No. C 04-03432 CRB, 2005 U.S. Dist. LEXIS 1224, at *6 (N.D. Cal. Jan. 21, 2005).....................14

*Lee v. Sec'y of Cal.*, No. 20-cv-01507, 2020 U.S. Dist. LEXIS 127484, at *8-9 (N.D. Cal. July 19, 2020) ..........................................13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) .............................11

*Malley v. Briggs*, 475 U.S. 335, 341 (1986) ...................................................16

*Mann v. City of Chula Vista*, No. 18-cv-2525, 2020 U.S. Dist. LEXIS 178185, at *8-9 (S.D. Cal. Sept. 28, 2020) ..........................................19

*Mansour v. British Airways PLC*, Case No. 2:18-cv-01757-BJR, 2020 U.S. Dist. LEXIS 65431, at *8-9 (W.D. Wash. Apr. 13, 2020) ..........................................8

*Mateos-Sandoval v. Cnty. of Sonoma*, 942 F.Supp.2d 890, 911-12 (N.D. Cal. 2013)..10

*Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) .....................................13

*Miranda v. City of Cornelius*, 429 F.3d 858, 864-65 (9th Cir. 2005) .................3, 7, 17

*Mullenix v. Luna*, 577 U.S. 7, 12 (2015) ........................................................17

iv

*Mullins v. Cnty. of Fresno*, No. 1:21-cv-00405, 2021 U.S. Dist. LEXIS 220432, at *6-7 (E.D. Cal. Nov. 15, 2021) ........................................................................................19

*O'Toole v. Superior Court* (2006) 140 Cal.App. 4th 488..............................................21

*Oberhausen v. Louisville-Jefferson County Metro Government*, 527 F.Supp.2d 713, 727-728 (W.D. Ky. 2007) .............................................................................................5

*People v. Adams*, 44 Cal. App. 5th 828, 831-32 (Cal. Ct. App. 2020).........................14

*People v. Duenas*, 30 Cal. App. 5th 1157 (2019) ...................................................13, 14

*People v. Greeley*, 70 Cal. App. 5th 609, 625 (Cal. Ct. App. 2021) ...........................14

*People v. McKay*, 27 Cal. 4th 601, 605 (2002)..............................................................8

*People v. Roberts*, 68 Cal. App. 5th 64, 81 (2021).....................................................20

*Pina v. City of Long Beach*, Case No. 2:17-cv-00549-PA (SHK), 2019 U.S. Dist. LEXIS 182032, at *31-32 (C.D. Cal. June 28, 2019)..................................................7

*Rackley v. City of New York*,  186 F.Supp.2d 466,470 (S.D.N.Y. 2002) .......................5

*Ramirez v. City of Buena Park*, 560 F.3d 1012 (9th Cir. 2009) .................................17

*Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043–44 (9th Cir. 2018) .................20, 21

*Reitz v. Mealey*, 314 U.S. 33, 36 (1941) ...................................................................6, 13

*Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ..............................22

*Sandoval v. Cnty. of Sonoma*, 912 F.3d 509 (9th Cir. 2018)................................17, 19

*Schneider v. County of San Diego* 28 F.3d 89, 90-92 (9th Cir. 1994)...........................5

*Simmons v. Sup. Ct.*, 7 Cal. App. 5th 1113, 1125 (Cal. Ct. App. 2016).......................20

*South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976) ...........................................4

*Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ...........................................12

*Talmadge Adib Talib v. Nicholas*, No. CV 14-5871-JAK (DFM), 2015 U.S. Dist. LEXIS 173617, at *36-37 (C.D. Cal. Dec. 4, 2015)..................................................10

*Tate v. District of Columbia*, 627 F.3d 904, 906, 911-912 (D.C. Cir. 2010) .................5

*Terry v. City of Pasadena*, No. CV 18-07730, 2019 U.S. Dist. LEXIS 132630, at *23-24 (C.D. Cal. Apr. 22, 2019)........................................................................................18

v

*Tounget v. City of Hemet*, No. EDCV 08-464-GW(AGRx), 2011 U.S. Dist. LEXIS 175508, at *19 (C.D. Cal. Feb. 14, 2011) .................................................................14

*Tyler v. Cnty. of Alameda*, 34 Cal. App. 4th 777, 788 (Cal. Ct. App. 1995) ................12

*U.S. v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993) ....................................................5

*Virginia v. Moore*, 553 U.S. 164, 172 (2008) ..................................................................7

*Waters v. Hollywood Tow Serv.*, No. CV 07-7568 CAS (AJW), 2010 U.S. Dist. LEXIS 93091, at *43 (C.D. Cal. July 27, 2010) .............................................................5

*Waters v. Howard Sommers Towing, Inc.*, No. CV 10-5296 CAS (AJWx), 2011 U.S. Dist. LEXIS 158890, at *10-11 (C.D. Cal. June 30, 2011) ..........................................5

*Wilkerson v. Hester*, 114 F.Supp.2d 446, 452 (W.D. N.C. 2000) ...................................9

### Statutes

Cal. Civil Code § 52.1 .......................................................................................................20

Cal. Gov. Code § 815.2 .....................................................................................................21

Cal. Gov. Code § 820.6 .....................................................................................................21

Cal. Veh. Code § 1661 ......................................................................................................12

Cal. Veh. Code § 22651 ......................................................................................................4

Cal. Veh. Code § 22651(i) ...................................................................................4, 8, 19, 21

Cal. Veh. Code § 22651(o) .......................................................................................7, 19, 22

Cal. Veh. Code § 40220 .....................................................................................................15

Cal. Veh. Code § 4601 ..................................................................................................12, 15

Cal. Veh. Code § 4760 ..................................................................................................12, 15

Cal. Veh. Code § 505 .........................................................................................................12

Cal. Veh. Code § 21100 .......................................................................................................4

### Other Authorities

Cal. Const, Art. I § 13 .......................................................................................................20

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

## I.  INTRODUCTION

Three Plaintiffs challenge the impounds of their three vehicles via novel theories of law that would substantially limit the ability of governments to fulfill their community caretaking responsibilities via parking enforcement.  Under Plaintiffs' theories, a government cannot impound a vehicle without a warrant even if the vehicle owner is a scofflaw, serially violating parking laws and not paying the corresponding fines, or if the vehicle is unregistered with the State—even if the vehicle is not lawfully parked at the time of impound.  But governments need these powers to enforce parking laws, which is why the well-recognized community caretaking exception to the Fourth Amendment's warrant requirement precludes liability here.

Additionally, Plaintiffs claim their due process rights were violated because their indigency was not considered when the State refused to renew their vehicles' registration, even though there is no such due process right and the State and Defendants do consider indigency in such circumstances.  Regardless, Plaintiffs are not suing the proper party, as the law prohibiting the renewal of vehicle registration due to unpaid parking citations is a State law and vehicle registration is administered by a State agency.  Defendants have no control over the enforcement or implementation of the Vehicle Code section that Plaintiffs challenge.

Plaintiffs therefore fail to state a claim for a constitutional violation, but even so, there is no basis for liability against the individual defendants.  Because Plaintiffs theories are novel, if the allegations against the individuals are true, they are immune.  Further, Plaintiffs do not allege their injuries were caused by any municipal policy or practice, rather than simply state law; therefore there can be no municipal liability.  Last, Plaintiffs' Bane Act claim fails because they do not allege that any of their constitutional rights were violated via threats, intimidation, or coercion; in fact, Plaintiffs do not allege that they interacted with the individuals at all, and two Plaintiffs

1

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

affirmatively allege they were not even present for the impound of their vehicles.

Because Plaintiffs theories are flawed and those flawed theories cannot be cured by the allegation of additional facts, Plaintiffs' Second Amended Complaint should be dismissed without leave to amend.

## II.   PLAINTIFFS' ALLEGATIONS

Plaintiff Breonnah Fitzpatrick alleges that her vehicle was impounded on August 11, 2021 pursuant to Cal. Veh. Code § 22651(i), which permits the impound of a vehicle that has accumulated five or more unpaid parking citations. Dkt. 70, ¶¶ 16-19. Ms. Fitzpatrick retrieved her vehicle without payment of any charges on September 17, 2021. Dkt. 70, ¶ 19. Plaintiff Christopher Officer alleges that his vehicle was impounded on January 21, 2022 due to his accumulation of unpaid parking tickets.[1] Dkt. 70, ¶ 20. Mr. Officer retrieved his vehicle without payment of any charges on February 23, 2022. Dkt. 70, ¶ 23. Plaintiff Timothy McCarty alleges that his vehicle was impounded on January 15, 2022 pursuant to Cal. Veh. Code § 22651(o) due to its expired registration. Dkt. 70, ¶ 26. Plaintiffs allege that all three vehicles were impounded pursuant to an "Unpaid Parking Tickets Vehicle Seizure Policy" that "directs or causes a vehicle to be seized *without a warrant* in order to coerce the vehicle's registered owner to pay all amounts allegedly due the City for unpaid parking tickets." Dkt. 70, ¶ 13.

Based on the above, Plaintiffs allege claims against the City, LADOT, LAPD, LADOT General Manager Seleta Reynolds, and LADOT Chief of Parking Enforcement and Traffic Control Brian Hale for (1) violation of the Fourth

---

[1] In the briefing on Plaintiffs' motion for leave to file their Second Amended Complaint, Defendants provided evidence establishing that Mr. Officer's vehicle was not impounded due to unpaid parking tickets, but instead because it was parked in a no-parking school zone. *See* Dkt. 62-1. Therefore it is unclear why Mr. Officer continues to allege his vehicle was impounded due to unpaid parking tickets.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Amendment; (2) violation of the Fifth Amendment; (3) violation of California's Bane Act; (4) Violation of the California Constitution, Art. I, § 13, and (5) violation of the Fourteenth Amendment.  Dkt. 70, ¶¶ 4-6, 48-63.  Plaintiffs allege all claims against all Defendants.

## III.   LEGAL STANDARD

In reviewing a Motion to Dismiss, a court accepts as true all well-pleaded allegations of material fact, construing them in the light most favorable to the non-moving party.  *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022).  Conclusory allegations are not "well-pleaded" and therefore not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  In order to state a claim for which relief may be granted, a complaint must allege facts that plausibly establish liability; allegations of facts "merely consistent" with liability are insufficient.  *Id*. at 678.  The rationale behind this standard is to avoid the situation where "a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) (internal quotation marks omitted).

## IV.   ARGUMENT

### A. Plaintiffs Fail To Allege A Fourth Amendment Violation

#### i.   Community Caretaking

The Community Caretaking Doctrine is a recognized exception to the warrant requirement under the Fourth Amendment.  Under that doctrine, a person's vehicle may be impounded without a warrant if the vehicle jeopardizes public safety and the efficient movement of vehicular traffic, such as when the vehicle cannot be moved "from a public location without continuing its illegal operation."  *Miranda v. City of Cornelius*, 429 F.3d 858, 864-65 (9th Cir. 2005).  As the Supreme Court explained, police "frequently remove and impound automobiles which violate parking ordinances

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic. The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976).

### ii. Impounding Scofflaw Vehicles Is Consistent With Community Caretaking

Plaintiffs Fitzpatrick and Officer fail to allege that the impounds of their vehicles violated the Fourth Amendment because impounding a vehicle under Cal. Veh. Code § 22651(i) for accumulation of five or more unpaid parking citations is a necessary element of parking enforcement and regulation, and accordingly, in furtherance of the community caretaking interests of public safety and the efficient movement of vehicular traffic. The State empowers municipalities to enact laws to further public safety and the efficient movement of traffic, and the State empowers municipalities to enforce those laws via fines and impound authority. Cal. Veh. Code §§ 21100, 22651. Without these enforcement mechanisms afforded by the State, scofflaws are not deterred from parking illegally and a municipality's ability to perform its duty of furthering public safety and the efficient movement of traffic is substantially diminished.

Demonstrating this point, the City restricts parking within 15 feet of a driveway used by an emergency vehicle, in anti-gridlock zones during high traffic times, in front of a school, or in other areas the City designates as a red, no stopping zone. Request for Judicial Notice ("RJN"), Exhs. A-D (L.A. Muni. Code §§ 80.55, 80.55.1, 80.56, 80.70). Violators of these ordinances create public safety hazards and impede the efficient movement of traffic, and they are subject to fines. But if those violators disregard those fines, continuing to park in such restricted places, and their vehicles cannot be impounded, as Plaintiffs suggest, then these ordinances are ineffective and

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

the City cannot accomplish its community caretaking responsibilities.  *In re Thomas*, 355 B.R. 166, 174 (N.D. Cal. 2006) ("Parking laws promote the safe and efficient flow of traffic through the City, and thus protect the health and safety of City residents.").

Aligned with this reasoning, courts have found that "[p]arking enforcement falls squarely within the scope of the community caretaking function. See Opperman, 428 U.S. at 369; Miranda, 429 F.3d at 864 & 866 n.6; Goichman, 682 F.2d at 1324." *Waters v. Hollywood Tow Serv.*, No. CV 07-7568 CAS (AJW), 2010 U.S. Dist. LEXIS 93091, at *43 (C.D. Cal. July 27, 2010), *adopted by* 2010 U.S. Dist. LEXIS 93154 (C.D. Cal. Aug. 31, 2010); *see Waters v. Howard Sommers Towing, Inc.*, No. CV 10-5296 CAS (AJWx), 2011 U.S. Dist. LEXIS 158890, at *10-11 (C.D. Cal. June 30, 2011) (same).  And more directly, other courts have found warrantless impounds of vehicles for unpaid parking tickets constitutionally permissible.  *See, e.g.*, *Tate v. District of Columbia*, 627 F.3d 904, 912 (D.C. Cir. 2010) (rejecting Fourth Amendment challenge to warrantless seizure of vehicle that was booted, towed and sold at auction for having two or more unpaid tickets); *Berger v. Philadelphia Parking Authority*, 413 3 F.Supp.3d 412, 414, 417-419 (E.D. Penn. 2019) (dismissing Fourth Amendment claim against parking authority for towing car for failing to pay four parking tickets, rejecting argument that warrant was required to tow "lawfully parked" car); *Oberhausen v. Louisville-Jefferson County Metro Government*, 527 F.Supp.2d 713, 727-728 (W.D. Ky. 2007) (rejecting argument that defendants were required to obtain warrant prior to immobilization and impoundment of vehicles for three or more unpaid parking citations); *Rackley v. City of New York*,  186 F.Supp.2d 466, 470 (S.D.N.Y. 2002); *see also Schneider v. County of San Diego* 28 F.3d 89, 90-92 (9th Cir. 1994) (no warrant was necessary for county to remove vehicles that were parked on private property in violation of county zoning ordinances in order to abate a public nuisance); *U.S. v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993) ("no dispute" that

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

vehicle was properly impounded under department policy requiring the impoundment of vehicles that have ten unpaid parking tickets).

Therefore, because impounding scofflaw vehicles is a necessary function of enforcing parking ordinances that further interests of public safety and the efficient movement of vehicles, Plaintiffs Fitzpatrick and Officer fail to allege that their Fourth Amendment rights were violated.

### iii.  Impounding Unregistered Vehicles Is Consistent With Community Caretaking

Plaintiffs McCarty and Fitzpatrick also fail to state a claim for violation of their Fourth Amendment rights because both of their vehicles had expired registration at the time of impound; therefore, their vehicles were illegally parked on the public right of way at the time of impound and the impounds were consistent with community caretaking.  *See Reitz v. Mealey*, 314 U.S. 33, 36 (1941) ("The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers."); *Laine v. City of Livermore*, No. 15-cv-03656, 2016 U.S. Dist. LEXIS 150717, at *2 (N.D. Cal. Oct. 31, 2016) ("There's no question that the City had the right to tow and hold Laine's car [when its registration was expired].").  Mr. McCarty affirmatively alleges that his vehicle's registration was expired upon impound.  Dkt. 70, pp. 7-8, ¶¶ 25-26.  Ms. Fitzpatrick does not make the same acknowledgment, but her previously-filed declaration concedes that the vehicle's registration was expired.  Dkt. 15-2, p. 5.  The Court may properly consider Ms. Fitzpatrick's prior filing as it is a concession by Ms. Fitzpatrick as to the authenticity of a government record.  *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (in ruling on a motion to dismiss, courts may consider a plaintiff's concessions and matters subject to judicial notice).

1    Under California law, a vehicle with an expired registration cannot be parked or

2  driven on a public street.  Cal. Veh. Code § 4000.  Therefore, not only was impounding

3  the vehicles constitutionally permissible because they were illegally parked, but also

4  because they could not be legally driven anywhere.  *Cotton v. Cnty. of San Bernardino*,

5  Case No. 18-2343-VAP (AGR), 2020 U.S. Dist. LEXIS 185269, at *37 (C.D. Cal.

6  Sept. 1, 2020) ("Because neither Plaintiff nor anyone else could lawfully drive the

7  unregistered vehicle, impoundment was proper to prevent its 'immediate and continued

8  unlawful operation.'"); *Pina v. City of Long Beach*, Case No. 2:17-cv-00549-PA

9  (SHK), 2019 U.S. Dist. LEXIS 182032, at *31-32 (C.D. Cal. June 28, 2019) (same);

10  *Cholerton v. Brown*, No. CV 13-8992, 2014 U.S. Dist. LEXIS 106878, at *24-26 (C.D.

11  Cal. May 16, 2014) (same).  Further, as Ms. Fitzpatrick has conceded, at the time of

12  impound her vehicle was parked in a location where parking would have been

13  prohibited in two days due to street cleaning; as Ms. Fitzpatrick could not legally drive

14  the vehicle because of its expired registration, Ms. Fitzpatrick would have had to either

15  illegally operate the vehicle to park in another location, or in two days it would have

16  been illegally parked in a street cleaning zone.  *See* Dkt. 15-2, ¶ 5.  The Ninth Circuit

17  is clear that a warrantless impound is constitutionally permissible in such a situation:

18  "The violation of a traffic regulation justifies impoundment of a vehicle if the driver is

19  unable to remove the vehicle from a public location without continuing its illegal

20  operation."  *Miranda*, 429 F.3d at 865.

21    Ms. Fitzpatrick's vehicle's registration had not yet been expired for six months

22  at the time of impound, so state law did not provide for its impound for that reason, *see*

23  Cal. Veh. Code § 22651(o).  But her claim at issue is for violation of the Fourth

24  Amendment, not state law.  As the California and United States Supreme Courts have

25  explained, compliance with California law and the United States Constitution are

26  distinct inquiries.  *Virginia v. Moore*, 553 U.S. 164, 172 (2008) ("We thought it

27

28

7

obvious that the Fourth Amendment's meaning did not change with local law enforcement practices—even practices set by rule."); *see also People v. McKay*, 27 Cal. 4th 601, 605 (2002) ("[C]ompliance with state arrest procedures is not a component of the federal constitutional inquiry.")  And under *Miranda*, because Ms. Fitzpatrick's vehicle was not legally parked and could not legally be moved, impounding the vehicle was constitutionally permissible.

Regardless, even if this Court maintains its prior conclusion that impounding a vehicle solely due to an accumulation of five or more unpaid parking citations is not consistent with community caretaking, but instead some additional community caretaking element is necessary, *see* Dkt. 48, pp. 4-7, the impound of Ms. Fitzpatrick's vehicle was consistent with both California law and the Fourth Amendment.  As Ms. Fitzpatrick's vehicle accumulated five or more unpaid parking citations, the impound was permissible under Cal. Veh. Code § 22651(i), and because the vehicle's registration was expired, the impound was permissible under the Fourth Amendment.

### iv.  Plaintiffs' Conclusory Allegations Should Be Disregarded

Ostensibly in an attempt to avoid dismissal of their claims due to the application of the community caretaking doctrine, Plaintiffs allege that their vehicles were respectively parked in a safe manner not negatively impacting traffic at the time of impound.  Dkt. 70, ¶¶ 16-17, 20-21, 24, 26.  These conclusory allegations should be disregarded.  *Ashcroft*, 556 U.S. at 678-79 (2009); *Bennett v. Poipu Resort, L.P.*, No. 18-00171 ACK-KJM, 2021 U.S. Dist. LEXIS 169318, at *21 (D. Haw. Sept. 7, 2021) (statements that something could be done "safely" are conclusory); *Mansour v. British Airways PLC*, No. 2:18-cv-01757-BJR, 2020 U.S. Dist. LEXIS 65431, at *8-9 (W.D. Wash. Apr. 13, 2020) (same).  As the Supreme Court and Ninth Circuit have explained, this rejection of conclusory allegations "represents a balance between Rule 8's roots in relatively liberal notice pleading and the need to prevent 'a plaintiff with a

largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of settlement value.'" *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 557-58).

Plaintiffs do not allege non-conclusory allegations regarding where their vehicles were parked at the time of impound, such as the approximate address where the vehicle was parked or at least which side of the street the vehicle was parked on or what approximate time the vehicle was impounded (despite Plaintiffs having access to all this information, *see* Dkt. 51-1, 54-1).  This is significant because, regarding the impound of Mr. Officer's vehicle, for example, based on where and when his vehicle was at the time of impound, it could be determined via judicial notice that his vehicle was parked in a school zone at the time of impound.

Tellingly, Plaintiffs no longer allege that any of the vehicles were lawfully parked at the time of impound.  *See* Dkt. 37, ¶ 16 (First Amended Complaint).  Plaintiffs' withdrawal of this allegation therefore serves as a concession that the vehicles were not lawfully parked at the time of impound.  *See Wilkerson v. Hester*, 114 F.Supp.2d 446, 452 (W.D. N.C. 2000) ("[T]he withdrawal of the allegation . . . is tantamount to an admission that the same did not occur.").

### B. Plaintiffs Fail To Allege A Fifth Amendment Violation

Plaintiffs allege that the impounds of their vehicles constituted an unconstitutional taking without just compensation in violation of the Fifth Amendment.  Dkt. 70, p. 14.  As the vehicles were properly impounded under the City's police powers, i.e., its community caretaking function, the impounds cannot constitute an unconstitutional taking.  "It is well-established the Takings Clause does not prohibit takings made lawfully and pursuant to a power other than the power of eminent domain." *Brewster v. City of L.A.*, No. EDCV 14-2257, 2020 U.S. Dist.

LEXIS 188688, at *24 (C.D. Cal. July 14, 2020); *Am. Sav. & Loan Ass'n v. Marin Cnty.*, 653 F.2d 364, 368 (9th Cir. 1981) ("If the regulation is a <u>valid</u> exercise of the police power, it is not a taking if a reasonable use of the property remains.").

Further, even if Plaintiffs allege that the impound of theirs vehicle was an illegitimate exercise of police power, their takings claim still fails. As one court explained, for there to be a "taking," the impound must have been for the public use; but "[t]he unlawful seizure of property does not constitute a 'public use.'" *Mateos-Sandoval v. Cnty. of Sonoma*, 942 F.Supp.2d 890, 911-12 (N.D. Cal. 2013). As another court in this district concluded in a case challenging the impound of a vehicle, "[b]ecause, in either event, Defendants' exercise of authority was under some power other than eminent domain, takings liability has not been triggered." *Talmadge Adib Talib v. Nicholas*, No. CV 14-5871-JAK (DFM), 2015 U.S. Dist. LEXIS 173617, at *36-37 (C.D. Cal. Dec. 4, 2015), *adopted by* 2016 U.S. Dist. LEXIS 247 (C.D. Cal. Jan. 4, 2016).

Following this last point, there is a contradiction in Plaintiffs' Fourth and Fifth Amendment theories of liability. In support of their Fifth Amendment claim, Plaintiffs necessarily allege that the impounds were to accomplish a public purpose. Dkt. 70, p. 14. Plaintiffs characterize the purpose as "coercing vehicle owners to pay the City sums allegedly due the City for unpaid parking tickets." *Id*. But this alleged motivation is at best a means of accomplishing a public purpose; collecting parking ticket payments is not inherently a public purpose. Rather, the public purpose behind these impounds is parking enforcement, which, as discussed above, is a community caretaking function. Therefore, Plaintiffs' Fifth Amendment theory of liability necessarily subsumes into it a community caretaking justification, which precludes Plaintiffs from stating a violation of either the Fourth or Fifth Amendment.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**C. Plaintiffs Fail To Allege A Fourteenth Amendment Violation**

Plaintiffs' new claim for violation of the Fourteenth Amendment alleges their due process rights were violated because Plaintiffs are unable to renew their vehicle registration with California's Department of Motor Vehicles due to their unpaid parking citations.  Dkt. 70, p. 16.  Plaintiffs fail to state a claim because (1) they do not allege Article III standing and (2) there is no due process right to consider indigency when determining eligibility for vehicle registration.

### i.  Standing

Plaintiffs fail to allege Article III standing for this claim because (1) none allege they attempted to renew their registration and were refused, (2) their vehicles have been released, and (3) it is the State that issues vehicle registration and it is State law that restricts the issuance of vehicle registration when a driver has unpaid parking citations.

In order to bring a claim in federal court, a plaintiff must establish standing to bring such a claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To do so, a plaintiff must demonstrate (1) she has suffered an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.  *Id*. at 560-61.  A party does not have standing if she raises only a "generalized grievance."  *Gill v. Whitford*, 138 S.Ct. 1916, 1933 (2018).

Plaintiffs fail to allege they suffered an injury in fact because none allege that they attempted to renew their vehicle registration and were denied.  *See Kirola v. City and Cnty. of S.F.*, 860 F.3d 1164, 1175 (9th Cir. 2017) (plaintiff alleged injury in fact because she "encountered at least one barrier that interfered with her access to the particular public facility").  Without such an allegation, Plaintiffs are merely alleging a "deprivation of a procedural right without some concrete interest that is affected by the

1  deprivation," which is "insufficient to create Article III standing." *Summers v. Earth*

2  *Island Inst.*, 555 U.S. 488, 496 (2009).  Plaintiffs also do not allege whether they

3  remain unable to register their vehicles due to this alleged violation of their due

4  process rights.

5       Plaintiffs also have not alleged the requisite elements of causal connection or

6  redressability because they challenge an action by California's Department of Motor

7  Vehicles ("DMV"), a State agency, made pursuant to State law; none of the named

8  Defendants can order the DMV to stop enforcing California law.  The DMV is

9  responsible for the renewal of vehicle registration in California.  Cal. Veh. Code §

10  4601; *see also* Cal. Veh. Code § 505 ("A 'registered owner' is a person registered by

11  the department as the owner of a vehicle."); Cal. Veh. Code § 1661 ("The department

12  shall include in any final notice of delinquent registration provided to the registered

13  owner of a vehicle whose registration has not been properly renewed as required under

14  this code, information relating to the potential removal and impoundment of that

15  vehicle under subdivision (o) of Section 22651.").  The process Plaintiffs challenge is

16  codified in State law: "[T]he department shall refuse to renew the registration of a

17  vehicle if the registered owner or lessee has been mailed a notice of delinquent parking

18  violation relating to standing or parking . . . ."  Cal. Veh. Code § 4760; *Tyler v. Cnty.*

19  *of Alameda*, 34 Cal. App. 4th 777, 788 (Cal. Ct. App. 1995) ("And section 4760,

20  subdivision (a), provides that the DMV shall refuse to renew the registration until the

21  outstanding parking penalties and administrative fees are paid to the DMV.").

22  Therefore, it is the State that is responsible for preventing the renewal of registration

23  and, if this procedure is deemed to be a violation of Plaintiffs' due process rights, there

24  is nothing any of the named Defendants can do to stop the State from preventing the

25  renewal of registration due to unpaid parking citations.  As such, Plaintiffs have no

26  standing against any of the named Defendants to assert this claim.  *Cal. v. Texas*, 141

27

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

S.Ct. 2104, 2114 (2021) (no standing because plaintiffs failed to demonstrate how the named defendants will act to enforce challenged law).

### ii. No Due Process Right To Consider Indigency When Renewing Vehicle Registration

Plaintiffs' due process claim fails substantively as well because there is no due process right requiring the DMV to consider indigency when issuing vehicle registration.  As an initial matter, Plaintiffs do not even allege they are "indigent"; in fact, Ms. Fitzpatrick has conceded she is not "indigent" by noting she did not qualify for the City's programs for indigent persons.  Dkt. 15-2, pp. 2-3, ¶ 9.  Regardless, as one court has commented, "cases that have addressed substantive due process claims based on the issuance of parking tickets have generally rejected such claims, finding the allegations were not sufficient to state a claim under the high standard governing claims for substantive due process."  *Lee v. Sec'y of Cal.*, No. 20-cv-01507, 2020 U.S. Dist. LEXIS 127484, at *8-9 (N.D. Cal. July 19, 2020) (citing other decisions for the same).  Further, there is no fundamental "right to drive" and "vehicle registration requirements are not unconstitutional."  *Laine v. City of Livermore*, 695 Fed.Appx. 260, 261 (9th Cir. 2017); *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999); *see also Reitz*, 314 U.S. at 86 ("Any appropriate means by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.").  As such, enforcement of the California Vehicle Code's registration requirements does not give rise to a claim for violation of constitutional rights.  *Darkins v. Snowden*, No. CV 13-3831, 2013 U.S. Dist. LEXIS 145021, at *19-24 (C.D. Cal. Aug. 15, 2013).

Plaintiffs base their theory on a California Court of Appeal decision, *People v. Dueñas*, 30 Cal. App. 5th 1157 (2019).  Dkt. 70, p. 16.  That decision is inapposite for the simple reason that its holding, that courts must consider a criminal defendant's

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

ability to pay before imposing fines assessed to find court operations, is founded on due process guaranties in criminal proceedings: "[A] state may not inflict punishment on indigent convicted criminal defendants solely on the basis of their poverty." *Id*. at 1166.  Notwithstanding its irrelevance to this litigation, a number of other California Courts of Appeal have found *Dueñas* to be wrongly decided.  *See, e.g.*, *People v. Greeley*, 70 Cal. App. 5th 609, 625 (Cal. Ct. App. 2021); *People v. Adams*, 44 Cal. App. 5th 828, 831-32 (Cal. Ct. App. 2020) ("*Dueñas*'s conclusion is not supported by the authorities it cited and is inconsistent with due process jurisprudence. We likewise conclude that *Dueñas* was wrongly decided.").

While no published case from the Ninth Circuit has rejected this claim, other courts have: "Moreover, if it is plaintiff's contention that California Vehicle Code § 4760, which provides for enforcement of parking fines through registration suspension, is unconstitutional, this claim also fails. Just as *Scofield* held that an unregistered vehicle may be towed to further the government's interest in enforcement of the registration laws, *Scofield*, 862 F.2d at 764-65, so too may the government suspend a registration to further the 'valid purpose [of] implementing parking regulations [and] deterring future transgressions.' *Id*. at 763 (citation omitted)." *Le v. Dep't of Parking & Traffic of San Francisco*, Case No. C 04-03432 CRB, 2005 U.S. Dist. LEXIS 1224, at *6 (N.D. Cal. Jan. 21, 2005), *available at* RJN, Exh. E; *see also Hallal v. Seroka*, Case No. 1:18-cv-0388-DAD-BAM, 2018 U.S. Dist. LEXIS 121871, at *8-9 (E.D. Cal. July 19, 2018) (summarizing process for challenging parking citations); *Damiano v. City & Cnty. of San Francisco*, 2014 U.S. Dist. LEXIS 161038, at *8-9 (N.D. Cal. Nov. 14, 2014) (summarizing authority holding that the process for contesting parking tickets comports with due process); *Tounget v. City of Hemet*, No. EDCV 08-464-GW(AGRx), 2011 U.S. Dist. LEXIS 175508, at *19 (C.D. Cal. Feb. 14, 2011)

(California's post-towing hearing procedures comport with procedural due process rights).

### iii. The State Considers Indigency When Refusing Vehicle Registration Due To Unpaid Parking Citations

While there is no constitutional requirement that the State consider a vehicle owner's indigency when refusing vehicle registration due to unpaid parking citations, that State does make such a consideration. As provided in Cal. Veh. Code § 4760, the DMV will refuse renewal of a vehicle's registration if a processing agency has transmitted to the DMV an itemization of unpaid parking penalties. The processing agency may not do so, however, unless that agency provides a payment plan option for indigent persons that meets various requirements. Cal. Veh. Code § 40220. The City does provide such programs for indigent persons, including (1) the Community Assistance Parking Program, which was created to assist homeless individuals with open or unpaid parking citations, by allowing the person to pay in the form of community service and (2) three different installment payment plans for persons whose monthly income is 150% or less of the current poverty guidelines and/or who receive public assistance benefits. RJN, Exhs. F-H. Notably, as he alleges, Mr. McCarty enrolled in the Community Assistance Parking Program.[2] Dkt. 70, pp. 7-8.

### D. The Individual Defendants Should Be Dismissed

As demonstrated above, Plaintiffs fail to allege a constitutional violation. But

---

[2] This allegation illustrates the necessity of Plaintiffs alleging whether they attempted to renew their registration and were denied. If Mr. McCarty was enrolled in the Community Assistance Parking Program, the DMV would not have issued a registration hold, *see* Cal. Veh. Code §§ 4760, 40220, assuming that he could pay the requisite renewal fees to the DMV, *see* Cal. Veh. Code § 4601(a), and his vehicle would not have been impounded. If any Plaintiff was unable to renew their registration due to an inability to pay the renewal fee, then that Plaintiff would have no due process claim. Such circumstances are why the Supreme Court has explained that claims must be pleaded plausibly, and not merely consistent with liability.

15

even if they could, individuals Seleta Reynolds and Brian Hale should be dismissed as they are immune.  The sole allegation of conduct by Ms. Reynolds and Chief Hale are that they, along with the City, LADOT, and LAPD, "have promulgated, promoted and/or sanctioned, a policy, practice or custom," that "directs or causes a vehicle to be seized without a warrant in order to coerce the vehicle's registered owner to pay all amounts allegedly due the City for unpaid parking tickets."  Dkt. 70, p. 4, ¶ 13.  Qualified immunity bars the claims against Ms. Reynolds and Chief Hale because it is not clearly established that impounding a vehicle solely due to the vehicle owner's accumulation of five or more unpaid parking citations is unconstitutional.

The doctrine of qualified immunity provides "government officials breathing room to make reasonable but mistaken judgments;" it "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731,743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is immunity from suit, not just a defense to liability; therefore, the immunity is effectively lost if a case is erroneously permitted to proceed.  *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017).

Qualified immunity applies "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.  *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022).  In order to overcome a finding of qualified immunity, "Plaintiffs must point to prior case law that articulates a constitutional rule specific enough" to alert the individual defendants "*in this case* that *their particular conduct* was unlawful."  *Id*.; *see also Isayeva*, 872 F.3d at 946 (burden on plaintiff to prove that the right was clearly established at the time of the alleged misconduct).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

In determining whether qualified immunity applies, courts are "not to define clearly established law at a high level of generality," rather, the dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). For example, in one case challenging a vehicle's impound, the Ninth Circuit defined the right at issue as, "that pre-towing notice be given before a car with a valid PNO certificate may be removed from a parking lot matching the owner's address." *Clement v. City of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008).

Here, there is no case law holding that a vehicle impounded solely due to the vehicle owner's accumulation of five or more unpaid parking citations does not comport with the community caretaking doctrine. The closest to governing law on the applicability of the community caretaking doctrine are the Ninth Circuit's decisions in *Miranda*, *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509 (9th Cir. 2018), and *Ramirez v. City of Buena Park*, 560 F.3d 1012 (9th Cir. 2009). Those decisions involved impounds under very different circumstances than the ones alleged here: impounding a vehicle when the driver was unlicensed but another licensed driver was available to operate the vehicle was unconstitutional (*Miranda* and *Sandoval*), but impounding a vehicle where the driver was arrested and nothing in the record showed how the vehicle could be retrieved was constitutional (*Ramirez*). At best, an individual could be expected to know that whether a vehicle can be impounded without a warrant turns on the application of community caretaking. But there is no reason for either Ms. Reynolds or Chief Hale to know how to apply community caretaking to the impound of a vehicle due to the accumulation of five or more unpaid parking citations. *See Clement*, 518 F.3d at 1096 ("It would not have been unreasonable for Officer Young to have interpreted this caselaw as not requiring that notice be given before towing an

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

unregistered vehicle with a valid PNO certificate."). The answer to this question is of course still unresolved by the Ninth Circuit.

Additionally, Mr. McCarty alleges no basis for liability against Ms. Reynolds and Chief Hale. As noted, above, the only allegation of conduct by them is the promulgation of a policy to impound vehicles due to unpaid parking tickets. Dkt. 70 p. 4, ¶ 13. Mr. McCarty alleges that his vehicle was impounded due to expired registration, however, and not due to unpaid parking tickets. Therefore, based on Mr. McCarty's allegations, Ms. Reynolds and Chief Hale had no involvement with the impound of his vehicle.

Finally, the requests for punitive damages against Ms. Reynolds and Chief Hale should be dismissed because Plaintiffs allege no conduct by them that can give rise to a punitive damages award. Punitive damages are recoverable against individuals only where the "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 969 (9th Cir. 2001); *see Terry v. City of Pasadena*, No. CV 18-07730, 2019 U.S. Dist. LEXIS 132630, at *23-24 (C.D. Cal. Apr. 22, 2019) (request for punitive damages properly dismissed via Rule 12(b)(6) motion). At worst, based on Plaintiffs' allegations, Ms. Reynolds and Chief Hale mistakenly applied the community caretaking doctrine.

For all these reasons, Ms. Reynolds and Chief Hale should be dismissed from this action.

### E. Plaintiffs Fail To Allege Liability Against The Entities

Plaintiffs fail to allege liability against the entity Defendants. First, LAPD and LADOT are improperly named as defendants because they are not independent of the City. *See* RJN, Exhs. I-J [L.A. City Charter, § 500 (creation of police department); L.A. Admin Code, § 22.480 (creation of Department of Transportation)]. "[C]ourts

18

routinely dismiss police departments as duplicative defendants where the claims against a city and its police department arise from the same facts." *Mann v. City of Chula Vista*, No. 18-cv-2525, 2020 U.S. Dist. LEXIS 178185, at *8-9 (S.D. Cal. Sept. 28, 2020) (listing cases); *see also Mullins v. Cnty. of Fresno*, No. 1:21-cv-00405, 2021 U.S. Dist. LEXIS 220432, at *6-7 (E.D. Cal. Nov. 15, 2021) ("[A]s a subdivision of Fresno County, the Fresno County Sheriff's Department is not a proper defendant on Plaintiffs' Section 1983 claims."); *Daniel v. City of Glendale*, No. CV14-3864, 2015 U.S. Dist. LEXIS 186128, at *8-9 (C.D. Cal. Mar. 19, 2015) ("Although the GPD is a separately suable entity, [citation omitted], plaintiff's claims against both Glendale and the GPD arising from the same facts are duplicative. Therefore, dismissal of plaintiff's claims against the GPD is warranted.").

Second, Plaintiffs fail to allege *Monell* liability against the entity Defendants.  In order to establish liability against any entity, Plaintiffs must allege that they were injured "by a municipality's unconstitutional actions [and] must show that those actions constituted government policy." *Sandoval*, 912 F.3d at 517.  Here, Plaintiffs fail to allege any government policy causing the alleged unconstitutional actions because the alleged misconduct was fully aligned with the express language of state law: Cal. Veh. Code §§ 22651(i) and 22651(o).  That distinguishes this situation from *Sandoval*, where the Court noted that impounds at issue were contrary to the applicable state law.  *See Sandoval*, 912 F.3d at 517.  The circumstances alleged here are also different from those in *Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984) as there is nothing alleged here akin to the "the Declaration of Public Road" that "was an official decision of the Commissioners, the County's governing body" in *Evers*. Notably, without the prior allegations that Plaintiffs' vehicles were legally parked at the time of impound, a basis for this Court's prior denial of Defendants' request for dismissal of a *Monell* claim is absent.  *See* Dkt. 48, p. 9.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Therefore, because state law, and no official decision of any entity Defendant, authorized Plaintiff's impound, no entity Defendant can be liable under section 1983 and *Monell.*

### F.  Plaintiffs Fail To Allege A Violation Of The California Constitution

Plaintiffs have no claim under Cal. Const., Art. I § 13.  The "touchstone for all issues under both the Fourth Amendment and article I, section 13 of the California Constitution is reasonableness."  *People v. Roberts*, 68 Cal. App. 5th 64, 81 (Cal. Ct. App. 2021)(citations omitted).  Because the impounds under sections 22651(i) and 22651(o) are permitted and reasonable under the Fourth Amendment, they are likewise reasonable under the California Constitution for the same reasons.

### G. Plaintiffs Fail To Allege A Bane Act Violation

Plaintiffs fail to allege a Bane Act violation because Plaintiffs fail to allege any conduct of the type that gives rise to a Bane Act claim and, even if Plaintiffs could state a claim, Defendants are immune.

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Simmons v. Sup. Ct.*, 7 Cal. App. 5th 1113, 1125 (Cal. Ct. App. 2016).  Further, to sufficiently allege a claim, a plaintiff must allege that state actors exhibited specific intent to violate an individual's rights.  *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043–44 (9th Cir. 2018).  "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.* at 1045.

Plaintiffs Bane Act claim fails because (1) Plaintiffs fail to allege any underlying constitutional violation and (2) Plaintiffs fail to allege that the impounds of their vehicle were accomplished via threats, intimidation, or coercion.  In fact, the only

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1    Plaintiff who was present for the impound of their vehicle was Mr. McCarty, so it is

2    impossible for Ms. Fitzpatrick or Mr. Officer to have been subjected to threats,

3    intimidation, or coercion at the time of the impound of their vehicles.  But even Mr.

4    McCarty alleges no facts demonstrating that he was subjected to threats, intimidation,

5    or coercion.  In essence, Plaintiffs are alleging a Bane Act came based on identical

6    facts as their section 1983 claims; but alleging a Bane Act claim requires more.  *Reese*,

7    888 F.3d at 1043 ("[T]he Bane Act imposes an additional requirement beyond a

8    finding of a constitutional violation.").  Additionally, Plaintiffs fail to allege that their

9    vehicles were impounded due to a reckless disregard for their rights.

10          Specifically as to the individual defendants, Plaintiffs do not allege that Ms.

11   Reynolds or Chief Hale ever came into contact or communication with them.

12   Therefore, it is impossible for Plaintiffs to recover against Ms. Reynolds or Chief Hale

13   under the Bane Act.

14          Even if Plaintiffs had a valid state claim, California Government Code section

15   820.6 provides that public employees[3] are immune from liability for acting in good

16   faith pursuant to a state statute which has not been held invalid.  As made clear, the

17   City was following a state law that has not been held invalid.  The City is therefore

18   immune from damages for any state claims under California law.  *See O'Toole v.*

19   *Superior Court*, 140 Cal.App. 4th 488, 503 (2006) (actions based on a permit policy

20   which had not been declared invalid were covered by the immunity).

21          The Court previously rejected this argument, reasoning that the alleged "Vehicle

22   Seizure Policy" is not an "enactment," so following that cannot provide immunity.

23   Dkt. 48, pp. 9-10.  The relevant enactments here are Cal. Veh. Code §§ 22651(i) and

24

25

26   _____

     [3] California Government Code section 815.2(b) provides that a public entity is immune

27   if its employee is immune.

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

22651(o), however; as Plaintiffs' allege, their vehicles were impounded pursuant to these authorities and no other laws.  *See* Dkt. 70, pp. 5-7.

### H.    Leave To Amend Should Be Denied

Plaintiffs should be denied leave to amend because they allege novel theories that fail as a matter of law and cannot be cured by the allegation of additional facts. Further, this is the third complaint.  Dismissal without leave to amend is proper if the complaint could not be saved by amend, and a district court's discretion to deny leave to amend is "particularly broad" when the complaint has previously been amended. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

## V.    CONCLUSION

Plaintiffs' Second Amended Complaint should be dismissed without leave to amend.


Dated: June 29, 2022          Respectfully submitted,

MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
JOSEPH S. PERSOFF, Deputy City Attorney


By:   /s/   Joseph S. Persoff
        Joseph S. Persoff
        Deputy City Attorney
        Attorneys for Defendants

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT