MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, 6th Floor, City Hall East
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
Los Angeles, CA 90012
Phone No.: (213) 978-7560
Fax No.:    (213) 978-7011

*Attorneys for Defendants,*
**CITY OF LOS ANGELES et al.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNAH FITZPATRICK, CHRISTOPHER OFFICER, and TIMOTHY McCARTHY, individuals and as class representatives,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; GENERAL MANAGER SELETA REYNOLDS, an individual; BRIAN HALE, CHIEF- PARKING ENFORCEMENT & TRAFFIC CONTROL, individually and in their official capacities; and DOES 1 through 10, in their individual and official capacities,<br><br>Defendants. | CASE NO.  21-CV-06841-JGB-SP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Hearing<br>Date: August 1, 2022<br>Time: 9:00 a.m.<br>Courtroom 1 |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................1

II.     LEGAL ARGUMENT ...........................................................................1

   A. Plaintiffs Fail To Demonstrate The Inapplicability Of Community Caretaking
   To the Alleged Vehicle Seizures ...........................................................1

   B. Plaintiffs' Takings Claim Fails...........................................................7

   C.  Plaintiffs Do Not State A Due Process Violation.............................7

   D. Plaintiffs Do Not Justify The Inclusion Of The Individual Defendants ..........9

   E. Plaintiffs Fail To Demonstrate Entity Liability.............................10

   F. Plaintiffs Do Not Dispute They Fail To Allege State Law Claims ...............12

III.    CONCLUSION....................................................................................12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Brewster v. Beck,*

4

   859 F.3d 1194 (9th Cir. 2017) ..................................................................2, 3

5

*Cady v. Dombrowski,*

6

   413 U.S. 433 (1973)...................................................................................3

7

*Caniglia v. Strom,*

8

   141 S. Ct. 1596 (2021)...............................................................................6

9

*Cedar Point Nursery v. Hassid,*

10

   141 S.Ct. 2063 (2021)................................................................................7

11

*Deligiannis v. City of Anaheim,*

12

   No. SACV 06-720 2010 U.S. Dist. LEXIS 46154 (C.D. Cal. Mar. 2, 2010)..............9

13

*Galen v. Cnty. of L.A.,*

14

   477 F.3d 652 (9th Cir. 2007) .....................................................................11

*Godinez-Flores v. Grounds,*

15

   No. 12-2726, 2014 U.S. Dist. LEXIS 91908 (N.D. Cal. July 7, 2014) ....................11

16

*Hendrick v. Maryland,*

17

   235 U.S. 610 (1915)...................................................................................4

18

*Humphries v. L.A. Cnty.,*

19

   No. SACV 03-697, 2012 U.S. Dist. LEXIS 199831 (C.D. Cal. Oct. 17, 2012)........11

20

*Karim-Panahi v. L.A. Police Dept.,*

21

   839 F.2d 621 (9th Cir. 1988) .....................................................................11

22

*Miranda v. City of Cornelius,*

23

   429 F.3d 858 (9th Cir. 2005) ......................................................................4

24

*Mullenix v. Luna,*

25

   577 U.S. 7 (2015).....................................................................................10

26

*Snyder v. King,*

27

   745 F.3d 242 (7th Cir. 2014) .....................................................................11

ii

28

**Statutes**

Cal. Veh. Code § 16025 ................................................................................4

Cal. Veh. Code § 22650(a) .......................................................................5, 11

Cal. Veh. Code § 22651(i) ......................................................................4, 6, 11

Cal. Veh. Code § 22852 ................................................................................8

Cal. Veh. Code § 4000 ..............................................................................3, 4

Cal. Veh. Code § 40000 ................................................................................3

Cal. Veh. Code § 40000.28 ............................................................................3

Cal. Veh. Code § 40203.5 ..............................................................................5

Cal. Veh. Code § 40215 .............................................................................6, 8

Cal. Veh. Code § 40220 ................................................................................9

Cal. Veh. Code § 40230 .............................................................................6, 8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiffs raise novel legal theories in an attempt to tear down California's legal structures for parking enforcement. Over 60 years old, these legal structures are a necessary tool for California and its municipalities to maintain safe and effective public streets. The novel nature of Plaintiffs' legal theories is demonstrated by the fact that they cite no analogous authority in support of the viability of their claims, but rather rely on generally applicable statements of law regarding the Fourth Amendment and community caretaking instead.

For example, Plaintiffs cite no authority holding that impounding a vehicle without a warrant for expired registration or due to the accumulation of five or more parking citations is not consistent with community caretaking. Rather, Plaintiffs futilely attempt to distinguish cases finding the contrary. And for their due process claim, Plaintiffs ignore the cases holding that the various processes provided to vehicle owners from the time they receive a ticket through the impound procedure comport with due process, arguing that the ultimate result of this process fails to comply with due process.

Tellingly, Plaintiffs fail to respond to a number of points raised in the Motion. Among others, Plaintiffs do not defend the conclusory nature of their allegations, they do not address why Mr. Officer alleges that his car was impounded due to the accumulation of unpaid parking citations when Plaintiffs and their counsel know that is not true, and they do not defend their Bane Act claims at all.

## II.   LEGAL ARGUMENT

### A.    Plaintiffs Fail To Demonstrate The Inapplicability Of Community Caretaking To the Alleged Vehicle Seizures

In the Motion, Defendants explained that Plaintiffs fail to state a claim for violation of the Fourth Amendment because impounding a vehicle with five or more

1

unpaid parking citations is a necessary aspect of parking enforcement, and therefore consistent with community caretaking, and because impounding a vehicle with expired registration is consistent with community caretaking as such a vehicle cannot be legally operated. Dkt. 71-1 ("Mtn."), pp. 10-15. In response, Plaintiffs substantially overstate the holdings of prior cases to apply the community caretaking doctrine in an extremely narrow and unrecognized manner. Plaintiffs cite no authority holding that either the impound or subsequent storage of a vehicle due to five or more unpaid parking citations or lack of registration violates the Fourth Amendment. Rather, Plaintiffs' argument strays from their actual allegations, citing general propositions of law, demonstrating the lack of authority supporting their position.

First, Plaintiffs argue that they sufficiently allege a violation of the Fourth Amendment due to their allegations that, at the time of impound, the vehicles were not impeding traffic or jeopardizing public safety and convenience. Dkt. 72 ("Opp."), pp. 8-9. As explained in the Motion, however, these allegations are conclusory and must be disregarded. Mtn., pp. 15-16. Plaintiffs do not respond to this point.

Second, Plaintiffs argue that they allege a "*Brewster* violation." Opp., p. 9. In *Brewster*, the Ninth Circuit held that, even if an impound of a vehicle was constitutionally permissible, the decision not to release the vehicle following the impound was a separate seizure that must be independently justified. *Brewster v. Beck*, 859 F.3d 1194, 1196-96 (9th Cir. 2017). Specifically, the *Brewster* court held that the initial justification for the impound—operation of the vehicle by an unlicensed driver—"vanished once the vehicle arrived in impound and Brewster showed up with proof of ownership and a valid driver's license." *Id*. at 1196. Here, Plaintiffs fail to allege that the justification for the impound of their vehicles vanished, as the unpaid parking citations remained outstanding and the vehicles remained unregistered (and

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT

thus could not legally be driven on public roads). Further, Plaintiffs cite no authority suggesting that an unregistered vehicle must be released.

Third, Plaintiffs argue that expired registration cannot justify the warrantless impound of a vehicle because Cal. Veh. Code § 4000 "is a *penal* statute; hence, towing a car for an alleged violation of § 40000[*sic*] is seizing the vehicle *in order to enforce a penal statute*," and "the community caretaking function is '*totally divorced* from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." Opp., pp. 11-12. This argument fails from every angle. Plaintiffs cite no authority supporting their contention that Section 4000 is a penal statute. Section 4000 makes no reference to punishment for its violation. Plaintiffs cite Cal. Veh. Code §§ 40000 and 40000.28, which provide that violation of any part of the Vehicle Code is an infraction and that three violations within a 12-month period is a misdemeanor. But as these sections apply to the entire Vehicle Code, under Plaintiffs' reasoning, every section of the Vehicle Code is a "penal statute," and therefore no vehicle could be impounded without a warrant if, at the time of impound, the vehicle is violating a section of the Vehicle Code. This is not the law. *See Brewster*, 859 F.3d at 1196 (violation of Cal. Veh. Code § 14602.6(a)(1) justified warrantless seizure of vehicle). Finally, there is no allegation or argument that the vehicles were impounded as part of a criminal investigation, so, regardless of whether those cases support the assertion Plaintiffs cite them for, the cases are inapposite.[1]

---

[1] Plaintiffs base their argument on a misinterpretation of the "totally divorced" language from *Cady v. Dombrowski*, 413 U.S. 433 (1973). In the language Plaintiffs' quote, the Court was explaining that, due to the difference between traditional law enforcement functions and most police officer interactions with vehicles, the traditional exceptions to the Fourth Amendment's warrant requirement did not neatly apply, necessitating a different exception: the community caretaking exception. Contrary to Plaintiffs' entire position, the Court applied the community caretaking exception in a criminal procedural context, allowing the use of evidence at trial that was seized without a warrant. *Id*. at 447-48.

3

Fourth, Plaintiffs argue that the plain language of *Miranda* does not mean what it says. Opp., p. 12. In the Motion, Defendants quoted *Miranda*: "The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005); Mtn., p. 14. Plaintiffs argue that "illegally parked" means a car parked "so as to impede traffic or threaten public safety . . . meaning if left on the road, the vehicle jeopardizes public safety and efficient movement of vehicular traffic." Opp., p. 12 (cleaned up). The *Miranda* quote says nothing about an "illegally parked" vehicle, however. Rather, *Miranda* refers to "illegal operation," and under Cal. Veh. Code § 4000 an unregistered vehicle cannot be legally operated. Regardless, the operation of unregistered vehicles is a threat to public safety. *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (vehicle registration is essential to the preservation of the health, safety and comfort of their citizens); *see also* Cal. Veh. Code § 16025 (driver involved in accident must exchange current residence address of registered owner).

Fifth, Plaintiff argues that state law "*precludes* towing a vehicle for expired registration of less than six months," Opp., p. 12, but that is incorrect. As explained in the Motion, the impound of Ms. Fitzpatrick's vehicle was justified under the Fourth Amendment due to its expired registration and justified under State law under Cal. Veh. Code § 22651(i) due to the accumulated parking citations. Plaintiffs do not respond to this point. Further, Plaintiffs do not dispute that Mr. McCarty's vehicle's registration had been expired for more than six months.

Sixth, Plaintiffs misunderstand an argument in the Motion and argue that community caretaking cannot apply to deter future illegal activity. Opp., p. 12. Defendants explained that impounding a scofflaw vehicle is a necessary part of parking enforcement as the risk of impound deters people from parking illegally. Mtn.,

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

p. 11. Plaintiffs misunderstand the point. The *risk* of impound is a necessary deterrence from disregard of parking laws, but the impound itself—which is at issue here—is solely due to prior conduct. Therefore, the *Miranda* discussion regarding deterrence Plaintiffs cite is inapposite.

Seventh, Plaintiffs briefly argue that seizing a vehicle for unpaid parking tickets is not community caretaking because the vehicles could not be impounded due to the underlying parking violations. Opp., p. 13. Plaintiffs repeat their baseless argument that the underlying parking violations cannot justify an impound because they are "penal statutes." Plaintiffs also quote prior language from this Court that the focus of analysis is "whether any of the violations include penalties that could subject Plaintiff's vehicle to lawful tow and impound under the community caretaking doctrine." Opp., p. 13. In the Motion, Defendants identified a number of parking violations that would justify impounds under the Fourth Amendment[2]. Mtn., p. 11. Plaintiffs do not respond to this point. Further, Plaintiffs cannot avoid dismissal by vaguely alleging their claims; if they argue that their claims should not be dismissed because the underlying parking violations establishing their scofflaw status do not justify impound, then they must allege what those parking violations were.

Eighth, Plaintiffs characterize the impound of vehicles as coercion for payment of unpaid parking citations. Opp., pp. 13-14. This characterization is not relevant for determining whether Plaintiffs allege a claim. Storing a vehicle pending payment of

---

[2] To the extent Plaintiffs suggest that impounding a vehicle for five or more unpaid parking violations received for violating the L.A. Muni. Code would be impermissible because the L.A. Muni. Code does not authorize impounding a vehicle, *see* Opp., p. 14, such an argument is erroneous as the relevant issue is whether the impound is permissible under the Fourth Amendment, not California law or the L.A. Muni. Code. Regardless, the L.A. Muni. Code provides its own schedule of civil parking penalties because California law allows for it; California law does not provide a similar right of impound. Cal. Veh. Code § 40203.5 (municipality can establish parking fines); Cal. Veh. Code § 22650(a) (municipality can only tow according to state law).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1   unpaid parking citations is countenanced by state law. Cal. Veh. Code § 22651(i)(1).

2   Regardless, Plaintiffs' argument is based on a severely stretched reading of *Caniglia v.*

3   *Strom*, 141 S. Ct. 1596 (2021). The holding is simple: the community caretaking

4   exception to the Fourth Amendment's warrant requirement applies to vehicles, not

5   homes. *Id*. at 1598.

6          Ninth, Plaintiffs raise alarm that vehicle impounds are effected without any

7   judicial review. Opp., p. 15. This is inaccurate. An impound under Cal. Veh. Code §

8   22651(i) is a result of a driver accumulating five or more unpaid parking tickets.

9   Drivers can challenge each ticket as improper, including appealing to court. Cal. Veh.

10  Code §§ 40215, 40230. Notably, Plaintiffs do not allege that any of the parking

11  citations they received were improperly issued or unjustified. And, while it is unclear

12  whether Plaintiffs are applying this argument to impounds due to expired registration,

13  a driver can challenge the denial of vehicle registration in court. Further, once a

14  vehicle is impounded, a driver can seek a court order for release of the vehicle. If

15  judicial review were required prior to any seizure, that would render the Fourth

16  Amendment's warrant requirement absolute, but that is of course not the case.

17         Finally, Plaintiffs challenge the myriad cases cited supporting the conclusion

18  that impounds of vehicles for accumulating five or more unpaid parking tickets or due

19  to expired registration comport with community caretaking. Opp., pp. 18-19. Plaintiffs

20  criticize Defendants for not citing a Ninth Circuit decision post-*Miranda* in which the

21  court "held that community caretaking justified seizing a vehicle which was not a

22  traffic hazard and not at risk of vandalism or theft." Opp., p. 15. Defendants of course

23  dispute that premise underlying this point: a vehicle that cannot be legally operated is a

24  traffic hazard and at risk of vandalism or theft as it cannot be moved indefinitely.

25  Regardless, Defendants have no control over what cases make it to the Ninth Circuit.

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT

Notwithstanding that, Plaintiffs cite no decision that the impounds of vehicles under the circumstances they allege were not justified.

**B.    Plaintiffs' Takings Claim Fails**

Defendants moved to dismiss Plaintiffs' Fifth Amendment claim in part because Plaintiffs' Fourth and Fifth Amendment theories are fatally inconsistent. Mtn., pp. 17-18. In opposition, Plaintiffs cite a decision that has nothing to do with the point raised, that an unreasonable seizure cannot be an acquisition of private property for public purpose. *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063 (2021), involved a California law regarding unions, however, and not the exercise of police power, which is the issue here. Additionally, Defendants noted the contradiction in Plaintiffs' Fourth and Fifth Amendment violation theories: Plaintiffs allege their vehicles were taken for an illegitimate purpose—coercion to collect unpaid parking tickets; but if so, the vehicles were not taken for a public purpose necessary to state a takings claim. Mtn., p. 17. Plaintiffs do not respond to this point.

**C.    Plaintiffs Do Not State A Due Process Violation**

Defendants moved to dismiss Plaintiffs' due process claim on multiple grounds: (1) they do not allege standing; (2) there is no due process right to consider indigency when determining eligibility for vehicle registration; and (3) the State does consider indigency when refusing vehicle registration due to unpaid parking citations. Mtn., pp. 18-22. Plaintiffs raise a number of arguments in response, but all fail.

As to the standing issue, Plaintiffs obfuscate their due process theory in order to avoid their failure to allege standing. As they allege, Plaintiffs' DMV registration is being held due to their unpaid parking citations, "without any consideration of Plaintiffs' and class members' indigence," and "defendants are inflicting punishment on Plaintiffs and class members solely on the basis of their poverty." Dkt. 16, ¶ 66. Plaintiffs fail to allege, however, that they attempted to renew their registration and

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

were denied. Plaintiffs argue they sufficiently allege standing because "defendants seized their vehicles and would not allow release[*sic*] the vehicles until Plaintiffs paid to the City the money the City says it is owed for parking tickets." Opp., p. 20. This argument has nothing to do with Plaintiffs' liability theory, however. Plaintiffs have made it clear their due process claim arises out of the denial of registration and not their attempted release of the vehicle; they change gears the following paragraph: "The gravamen of the due process claim is that the City places DMV holds on Plaintiffs' and class members' vehicle registrations to deny Plaintiffs and class members the ability to obtain current registration unless and until they pay the City what it claims it is owed for unpaid parking tickets." Opp., p. 20. As such, Plaintiffs raise no argument that they have sufficiently alleged standing for their due process claim.

Next, Plaintiffs argue the State's impound and vehicle storage procedures violate due process, but they rely on factual assertions and hyperbole without citing any supporting authority. Opp., pp. 20-21. Plaintiffs cite to two Supreme Court decisions, but those involve wage garnishment statutes and have nothing to do with vehicles or vehicle registration. Plaintiffs do not cite any case supporting their novel theory that indigency must be considered before a vehicle's registration is withheld due to unpaid parking tickets. Opp., pp. 21-22. Plaintiffs take issue with the decisions cited in the Motion that support Defendants' position, but they fail to cite any decisions supporting their theory. As the proponent of novel theories, it is incumbent on Plaintiffs to show some legal basis for those theories; they provide none.

Further, as noted above, drivers are provided due process at a number of steps leading up to and during the impound of their vehicles. A driver can challenge a parking citation as unjustified. Cal. Veh. Code § 40215; *see also* Cal. Veh. Code § 40230 (decision can be appealed to superior court and heard de novo). A driver can challenge a vehicle impound as unjustified. Cal. Veh. Code § 22852. And through that

8

hearing, the driver, if she qualifies, can enroll in one of the plans for indigent persons discussed in the Motion. Mtn., p. 15. Once enrolled, the DMV registration hold will be released. Cal. Veh. Code § 40220(a)(1)(C).

Finally, Plaintiffs fail to refute that the State and City do take into account indigency. Plaintiffs argue that "defendants did nothing for Plaintiff Fitzpatrick," but Ms. Fitzpatrick's declaration belies that, acknowledging the different programs made available to her; she just did not qualify for them because she is not indigent. Opp., p. 27; Dkt. 15-2, ¶¶ 8-9. Plaintiffs then attempt to expand their alleged theory of a failure to consider indigency to a failure to consider anyone's ability to pay. Plaintiffs cite no authority supporting this theory. There is none, and it would be administratively impossible to determine the amount of every single parking citation on a case-by-case basis following evaluation of each person's finances.

### D. Plaintiffs Do Not Justify The Inclusion Of The Individual Defendants

Defendants moved to dismiss the individuals on the ground that the claims are barred by qualified immunity. Mtn., pp. 15-18. Specifically, Defendants noted that the available authority establishes at best that whether the impounds of Plaintiffs' vehicles were constitutionally permissible turns on the application of community caretaking, but there is no clearly established law directing the outcome of that analysis. Mtn., pp. 17-18. Plaintiffs' sole argument in response is that a 2010 district court decision found that the impound of a vehicle due to unpaid parking citations was unconstitutional. Opp., pp. 30-31. Plaintiffs misstate the ruling of that case[3], but even so, a district court

---

[3] The court held that summary judgment was improper as "genuine issues of material fact exist as to whether these defendants violated plaintiff's Fourth Amendment rights . . . ." *Deligiannis v. City of Anaheim*, No. SACV 06-720 2010 U.S. Dist. LEXIS 46154, at *22 (C.D. Cal. Mar. 2, 2010). Further, to the extent Plaintiffs suggest the court found that the *Miranda* decision, issued five years prior, rendered the issue clearly established, that is inaccurate: "However, such defendants are entitled to qualified immunity because **there is** (and was at the time of the impound in issue) **no**

9

1   ruling on an issue is insufficient to render a right "clearly established." Rather,

2   "**existing precedent** must have placed the statutory or constitutional question beyond

3   debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (emphasis added). It is unreasonable

4   to expect Ms. Reynolds and Chief Hale to be abreast of every district court ruling.

5        Defendants raised additional arguments in the Motion which Plaintiffs fail to

6   respond to. Defendants noted that Mr. McCarty alleges no basis for liability against

7   Ms. Reynolds and Chief Hale because their only alleged conduct relates to impounds

8   for unpaid parking citations, rather than impounding vehicles for expired vehicle

9   registration. Mtn., p. 18. Plaintiffs do not respond to this point, but simply argue that

10  "the law has been clearly established that creditors cannot, in the absence of *any*

11  judicial review, invoke legal process to seize personal property in order to enforce

12  collection of a debt." Opp., p. 31. Plaintiffs improperly define the right at issue at a

13  high level of generality rejected time and again by the Supreme Court. *See Mullenix*,

14  577 U.S. at 12 ("We have repeatedly told courts . . . not to define clearly established

15  law at a high level of generality."). This argument therefore fails. Plaintiffs also do not

16  dispute they do not sufficiently allege a basis for a punitive damages award.

17      **E.   Plaintiffs Fail To Demonstrate Entity Liability**

18       In the Motion, Defendants explained that the entity defendants should be

19  dismissed because (1) LADOT and LAPD are not independent of the City and (2)

20  Plaintiffs fail to allege *Monell* liability. Mtn., pp. 25-27. Plaintiffs' arguments in

21  response all fail.

22       First, as to the improper inclusion of LADOT and LAPD, Plaintiffs fail to

23  address any of the decisions raised in the Motion supporting the entities' dismissal.

24  Instead, Plaintiffs cite a Ninth Circuit statement that the entities *can be* sued in federal

25

26     **clearly established law which prohibits the warrantless seizure of a car based**

27  **upon unpaid parking tickets**." *Id*. (emphasis added).

10

28  DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
    SECOND AMENDED COMPLAINT

court. Opp., p. 29. That decision says nothing about whether those entities are properly included as defendants when they are not independent and redundant to the named city defendant. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624, n.2 (9th Cir. 1988). Therefore, that case provides Plaintiffs no support. *Godinez-Flores v. Grounds*, No. 12-2726, 2014 U.S. Dist. LEXIS 91908, at *18 (N.D. Cal. July 7, 2014) ("[I]t is axiomatic that cases are not authority for propositions that are not considered.").

Second, as to *Monell* liability, Plaintiffs argue that "Defendants' enforcement of § 22651(i) and (o) is discretionary," without citing anything supporting the factual assertion or the legal significance of the assertion. Opp., p. 28. Plaintiffs cite nothing supporting a conclusion that a municipality's following of state law can give rise to a *Monell* violation.[4] If a municipality is merely following State law, then no policy, custom, or practice is the "moving force" behind the constitutional violation, precluding *Monell* liability. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667-68 (9th Cir. 2007) (no *Monell* liability where challenged County policy was consistent with state law); *Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014) ("To say that any such direct causal link exists when the only local government 'policy' at issue is general compliance with the dictates of state law is a bridge too far; under those circumstances, the state law is the proximate cause of the plaintiff's injury."); *Humphries v. L.A. Cnty.*, No. SACV 03-697, 2012 U.S. Dist. LEXIS 199831, at *6 (C.D. Cal. Oct. 17, 2012) ("A municipality cannot be held liable under Monell merely for enforcing a state law."). Notably, municipalities have authority to impound a vehicle only to the extent the State allows it. Cal. Veh. Code § 22650(a).

---

[4] The Court previously declined to dismiss the *Monell* claim by reading into Cal. Veh. Code § 22651(i) a requirement that each impound be consistent with community caretaking. Dkt. 48, pp. 8-9. Plaintiffs admit Section 22651(i) and (o) do not contain a community caretaking requirement. Opp., p. 25, fn. 13. Regardless, the Court's prior reasoning does not apply to Plaintiffs' due process claim, as that claim relates to the DMV's denial of vehicle registration, rather than the impound of Plaintiffs' vehicles.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1  Finally, as to the due process claim, Plaintiffs fail to identify any allegations that
2  the City or any other Defendant is responsible for the imposition of the registration
3  hold on any of their vehicles. Plaintiffs contend that the "DMV imposed the hold on
4  registration on the *City's* direction, SAC ¶¶ 25, 29," but those cited paragraphs do not
5  support their contention. The Vehicle Code sections cited in the Motion conclusively
6  establish that the State, not any Defendant, is responsible for any withholding of
7  vehicle registration. Once again, Plaintiffs fail to address the Vehicle Code sections
8  defeating their contention. Plaintiffs' suggestion that any Defendant has the power to
9  tell the DMV when or when not to issue vehicle registration is baseless. Without any
10 allegations that a City custom, policy, or practice is responsible for the DMV refusing
11 to issue Plaintiffs vehicle registration, Plaintiffs have not alleged *Monell* liability
12 against any of the entity Defendants.

### F.  Plaintiffs Do Not Dispute They Fail To Allege State Law Claims

Plaintiffs do not challenge the Motion to dismiss their claims for violation of the
California Constitution and California's Bane Act. Mtn., pp. 27-29.

## III.  CONCLUSION

Plaintiffs fail to state a claim and their Second Amended Complaint should be
dismissed without leave to amend.

Dated: July 18, 2022          Respectfully submitted,

MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
JOSEPH S. PERSOFF, Deputy City Attorney

By:   /s/ Joseph S. Persoff
      Joseph S. Persoff
      Deputy City Attorney
      Attorneys for Defendants

12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT