UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-6841 JGB (SPx)** | Date | March 10, 2023 |
| Title | *Breonnah Fitzpatrick, et al. v. City of Los Angeles, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Notice to Parties re: Stipulation to Continue (Dkt. No. 107) (IN CHAMBERS)

On February 17, 2023, the parties filed a stipulation to continue the trial, pretrial conference, and related dates in this matter. ("Stipulation," Dkt. No. 107.) The Stipulation continues each date and deadline by approximately one year. (See id.) On March 7, 2023, the Court approved the Stipulation. (Dkt. No. 108.)

The Court provides notice to the parties that, while it approved the Stipulation, it did so with some hesitation and on the understanding that the parties will continue to meaningfully advance the litigation in timely fashion. On January 31, 2023, the Court issued an order denying Defendants' motion to dismiss Plaintiff's fourth amended complaint. ("MTD 4AC Order," Dkt. No. 106.) Since then, there has been no meaningful activity in the case. Ordinarily, the Court would have expected Defendants to file an amended answer to the fourth amended complaint by now, given that it survived dismissal in its entirety. Because the Court set no alternate deadline for the filing of an amended answer, one was technically due 14 days after the Court denied Defendants' motion to dismiss the fourth amended complaint. See Fed. R. Civ. P. 12(a)(4). In the Stipulation, the parties indicate that they potentially contemplate the filing of a fifth amended complaint, without need for a motion to dismiss. (See Stipulation.) That is acceptable, and also consistent with the guidance in the Court's order denying Defendants' motion to dismiss the fourth amended complaint. (See MTD 4AC Order.) However, the Court expects the filing of a fifth amended complaint to come soon, if one is forthcoming. The same is true of a responsive pleading to a fifth amended complaint (e.g., amended answer or motion to dismiss, though the Court agrees the latter is likely not necessary). Because dispositive motions

like a motion for summary judgment now likely would not be heard until June 2024, and a jury trial not until late July 2024 at the earliest, the Court also expects that the parties would file any interim motions (if they so choose) advancing the litigation sooner rather than later, e.g., a motion for preliminary injunction.  The bottom line is that the Court sets a one-year timetable in between the initial scheduling conference and the jury trial for good reason: it encourages the parties to advance the case diligently and efficiently toward resolution.  There are valid reasons why the parties have sought to extend this timetable considerably already, but the Court warns them that it expects them to work as efficiently as possible moving forward, to file any future pleadings or motions in timely fashion, and that it is unlikely to grant future continuances, particularly lengthy ones like that sought in the Stipulation.

**IT IS SO ORDERED.**